STATE OF NORTH CAROLINA v. GARY DEWAYNE STEWART

No. 7911SC3

(Filed 17 April 1979)

1. **Hunting § 1— police power—protection of wildlife**

    Since the State's wildlife population is a natural resource of the State held by it in trust for its citizens, the enactment of laws reasonably related to the protection of such wildlife constitutes a valid exercise of the police power vested in the General Assembly.

2. **Constitutional Law § 11— review of exercise of police power**

    In reviewing an exercise of the police power by the General Assembly, the only duty of the courts is to ascertain whether the act violates any constitutional limitation, the question of public policy being solely one for the legislature.

3. **Hunting § 1— act prohibiting shining of light beyond surface of road—unconstitutionality**

    Chapter 269 of the 1975 North Carolina Session Laws, which prohibits the deliberate shining of an artificial light from a motor-driven conveyance beyond the surface of a roadway or in any field, woodland or forest in an area frequented or inhabited by wild game animals during certain evening hours in specified counties violates due process because it is so overbroad as to con-

stitute arbitrary and unreasonable interference with innocent conduct and it lacks any rational, real or substantial relation to the public health, morals, order, safety or general welfare.

APPEAL by the State from *Canaday, Judge*. Order entered 20 November 1978 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 7 March 1979.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Philip C. Shaw for the defendant appellee.*

MITCHELL, Judge.

The State has brought this appeal from an order finding Chapter 269 of the 1975 North Carolina Session Laws unconstitutional. The defendant, Gary Dewayne Stewart, was charged by citation with deliberately displaying an artificial light from a motor-driven conveyance into a field frequented by wild deer and beyond the surface of a roadway between the hours of 11:00 p.m. and one-half hour before sunrise in violation of Chapter 269 of the 1975 North Carolina Session Laws. The case came before the District Court Division where the defendant's motion to dismiss pursuant to G.S. 15A-954 was allowed upon a finding that the chapter was unconstitutional. The State appealed to the Superior Court Division pursuant to G.S. 15A-1432. The defendant there made a motion to dismiss asserting the unconstitutionality of the chapter. This motion was allowed, and the State appealed pursuant to G.S. 15A-1445.

[1] The State assigns as error the order of the trial court finding Chapter 269 of the 1975 North Carolina Session Laws unconstitutional and allowing the defendant's motion to dismiss charges brought against him pursuant to that chapter. Chapter 269 of the 1975 North Carolina Session Laws provides that:

Section 1. Any person who, between the hour of eleven o'clock p.m. on any day and one-half hour before sunrise on the following day, deliberately flashes or displays an artificial light from or attached to a motor-driven conveyance or from any means of conveyance attached to said motor-driven conveyance so as to cast the beam thereof beyond the surface of

a roadway or in any field, woodland or forest in an area frequented or inhabited by wild game animals shall be guilty of a misdemeanor. Every person occupying such vehicle or conveyance at the time of such violation shall be deemed prima facie guilty of such violation as a principal.

Sec. 2. Each person violating the provisions of this act, shall, on the first conviction thereof, be fined not less than twenty-five dollars ($25.00) nor more than fifty dollars ($50.00). Upon a second or subsequent conviction, such person shall be fined not less than one hundred dollars ($100.00) nor more than two hundred dollars ($200.00) or imprisoned not more than 60 days, or both, in the discretion of the court.

Sec. 3. The provisions of this act shall not apply to a person while on land owned by him in fee simple or in which has had a life estate or a person who leases land for agricultural purposes, but the fact of such ownership shall be a matter of defense in any prosecution for violation of this act.

Sec. 4. All lawful peace officers of the county and State, including wildlife protectors, shall have authority to arrest for violations of this act.

Sec. 5. This act shall apply only to the counties of Johnston and Hertford, Gates, Northampton and Wayne.

Sec. 6. This act shall become effective upon ratification.

Other counties were later brought under the coverage of the chapter. 1977 N.C. Sess. Laws Chs. 106 and 167. The purpose of the General Assembly in enacting the chapter clearly was to facilitate the protection of wildlife from indiscriminate slaughter. As the State's wildlife population is a natural resource of the State held by it in trust for its citizens, the enactment of laws reasonably related to the protection of such wildlife constitutes a valid exercise of the police power vested in the General Assembly. *Baldwin v. Montana Fish and Game Comm'n.*, 436 U.S. 371, 56 L.Ed. 2d 354, 98 S.Ct. 1852 (1978); *State v. Lassiter*, 13 N.C. App. 292, 185 S.E. 2d 478 (1971); *cert. denied*, 280 N.C. 495, 186 S.E. 2d 514; *appeal dismissed*, 280 N.C. 724, 186 S.E. 2d 926 (1972).

[2]   In reviewing an exercise of the police power by the General Assembly, the only duty of the courts is to ascertain whether the

act violates any constitutional limitation, the question of public policy being solely one for the legislature. *City of Raleigh v. R. R. Co.*, 275 N.C. 454, 168 S.E. 2d 389 (1969). The General Assembly is under no compulsion to exercise the police power of the State in a manner which the courts may deem wise or best suited to the public welfare. *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 166 S.E. 2d 663 (1969). If a statute is to be sustained as a legitimate exercise of the police power, however, it must be substantially related to the valid object sought to be obtained. *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320, *appeal dismissed*, 422 U.S. 1002, 45 L.Ed. 2d 666, 95 S.Ct. 2618 (1975). When the issue of whether an act of the General Assembly constitutes an unreasonable, arbitrary or unequal exercise of the police power is fairly debatable, the courts will not interfere. In such instances, courts will not substitute their judgment for that of the legislative body charged with the primary duty of determining whether its action is in the interest of the public health, safety, morals, or general welfare. *In Re Appeal of Parker*, 214 N.C. 51, 197 S.E. 706 (1938).

[3] In the present case, the defendant contends that the challenged chapter denies due process and is both unconstitutionally vague and overbroad. We do not find the chapter in any way vague. Its vice lies in its overbreadth.

By its terms, the challenged chapter prohibits the shining of any artificial light beyond the surface of a roadway during specified evening hours in the counties affected. In order to establish a violation of the chapter, the State is not required to show that the defendant was in possession of a firearm or other device capable of harming wildlife or that the defendant had any intent to harm wildlife. *Cf. State v. Lassiter*, 13 N.C. App. 292, 185 S.E. 2d 478 (1971); *cert. denied*, 280 N.C. 495, 186 S.E. 2d 514; *appeal dismissed*, 280 N.C. 724, 186 S.E. 2d 926 (1972) (holding constitutional a statute requiring the State to make such showing). Instead, the chapter creates in clear and concise terms a new offense of shining an artificial light from a motor-driven conveyance beyond the surface of a roadway during certain evening hours. Other provisions of our law require drivers of such motor vehicles to have their headlights on during the same hours. G.S. 20-129. The challenged chapter, therefore, would apply to all motorists operating motor vehicles in an otherwise lawful manner during

State v. Stewart

the evening hours in question. Such motorists would be left with only the options of remaining off the public roadways during the hours in question or being in violation of law.

The challenged chapter does not lend itself to a limiting interpretation such as would be required in order to bring it into compliance with the requirements of due process. We do not find the fact that the challenged chapter applies only to motorists who "deliberately" flash or display artificial lights from or attached to motor-driven conveyances makes the chapter amenable to an interpretation which would limit its application to those situations in which it may be shown by other competent evidence that the defendant intended to do harm to wildlife. Any such interpretation would render the chapter totally meaningless and entirely defeat the clearly expressed legislative intent found therein. In fact, we find no limiting construction, reasonably consistent with the apparent intent of the General Assembly, which can be given the challenged chapter in order that it may be saved. Instead, it must stand or fall as a whole.

Having so construed the chapter under consideration, we find it so overbroad as to comprise an arbitrary interference with otherwise innocent conduct and lacking any rational, real, or substantial relation to the public health, morals, order, safety or general welfare. Chapter 269 of the 1975 North Carolina Session Laws does not meet the due process "standard of reasonableness" which acts as a limitation upon the exercise of the State's police power, and it, therefore, violates the Fourteenth Amendment to the Constitution of the United States and Section 19 of Article I of the Constitution of North Carolina. *State v. Smith*, 265 N.C. 173, 143 S.E. 2d 293 (1965). The order of the trial court granting the defendant's motion to dismiss the charges brought against him pursuant to that chapter was correct. The State's assignment of error is overruled.

We are cognizant of the fact that the Supreme Court of the United States has rendered opinions recently tending to somewhat modify and breathe new life into the doctrine of substantive due process. *E.g., Moore v. East Cleveland*, 431 U.S. 494, 52 L.Ed. 2d 531, 97 S.Ct. 1932 (1977). *See* Preston & Mehlman, *The Due Process Clause as a Limitation on the Reach of State Legislation: An Historical and Analytical Examination of Substantive Due*

*Process*, 8 Univ. of Baltimore L. Rev. 1 (1978); Saltzman, *Strict Criminal Liability and The United States Constitution: Substantive Criminal Law Due Process*, 24 Wayne L. Rev. 1571 (1978); *The Supreme Court, 1976 Term*, 91 Harv. L. Rev. 1, 128-37 (1977); Gunther, *The Supreme Court, 1971 Term—Forward: In Search of Evolving Doctrine on a Changing Court: A Model for a Newer Equal Protection*, 86 Harv. L. Rev. 1, 42-43 (1972). In light of these developments, it has been pointed out that even legislation which is not an arbitrary or capricious interference with the rights of citizens may constitute a violation of substantive due process, if through overbreadth the legislative enactment in question imposes limitations upon rights so important that they cannot be abridged under almost any circumstances. Preston & Mehlman, *supra*, at 40 n. 240 (1978). Our determination that the chapter under challenge in the present case is so overbroad as to constitute arbitrary and unreasonable interference with innocent conduct and to deny due process makes it unnecessary for us to consider whether the right of citizens to engage in intrastate travel during the hours involved in the present case constitutes any such fundamental and important right. *Cf., e.g., Shapiro v. Thompson*, 394 U.S. 618, 630, 22 L.Ed. 2d 600, 612, 89 S.Ct. 1322, 1329 (1969) (quoting with approval Chief Justice Taney in the Passenger Cases, 7 How. 283, 492, 12 L.Ed. 702, 790 (1849), implying a right to "pass and repass" within "our own States"); *Kent v. Dulles*, 357 U.S. 116, 125-26, 2 L.Ed. 2d 1204, 1210, 78 S.Ct. 1113, 1118 (1958) ("Freedom of Movement is basic in our scheme of values.")

For the reasons previously set forth, we hold that the trial court correctly determined that Chapter 269 of the 1975 North Carolina Session Laws is constitutionally invalid. The order of the trial court dismissing the charges brought against the defendant pursuant to that chapter was, therefore, correct and is hereby

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.