STATE OF NORTH CAROLINA v. EDNA HINES

No. COA95-733

(Filed 4 June 1996)

1. **Elections § 13 (NCI4th)— county board of election member—election officer**

Members of county boards of elections are "election officers" for the purpose of applying the statute prohibiting the intimidation of such officers, N.C.G.S. § 163-275(11).

**Am Jur 2d, Elections §§ 374-376.**

STATE v. HINES

[122 N.C. App. 545 (1996)]

2. **Indictment, Information, and Criminal Pleadings § 43 (NCI4th)— bill of particulars—denial no abuse of discretion**

The trial court did not err by denying defendant's motion for a bill of particulars in a prosecution for intimidating an election officer in the discharge of his duties where defendant was provided through discovery with enough of the requested information to prepare her case.

**Am Jur 2d, Indictments and Informations §§ 154-164.**

**Right of accused to bill of particulars. 5 ALR2d 444.**

3. **Elections § 13 (NCI4th)— intimidating election official— interference with performance of duty of election official—instruction on lesser offense not required**

Even if N.C.G.S. § 163-274(3), which makes it a misdemeanor to interfere with the performance of any legal duty of any election officer or member of any board of elections, is a lesser included offense of N.C.G.S. § 163-275(11), which makes it a felony to threaten or intimidate an election officer in the discharge of his duties, the trial court did not err in failing to so instruct, since the State's evidence was such that if the jury found defendant guilty at all, it was because she intimidated a member of the board of elections by threats.

**Am Jur 2d, Elections §§ 374-376.**

4. **Elections § 13 (NCI4th)— prohibition against intimidating election official—statute not unconstitutional**

The statute which prohibits anyone from intimidating or attempting to intimidate in any manner someone who is conducting an election, N.C.G.S. § 163-275(11), is not unconstitutionally vague or overbroad, since the statute is specific enough to warn individuals of common intelligence of the conduct which is proscribed and is capable of uniform judicial interpretation, is tailored as narrowly as possible to serve the state's compelling interest in ensuring electoral integrity, is generally applicable, and its regulations are even-handed.

**Am Jur 2d, Elections §§ 374-376.**

Appeal by defendant from judgment entered 5 January 1995 by Judge W. Russell Duke, Jr. in Hertford County Superior Court. Heard in the Court of Appeals 19 March 1996.

STATE v. HINES

[122 N.C. App. 545 (1996)]

*Attorney General Michael F. Easley, by Associate Attorney General Sharon C. Wilson, for the State.*

*Howard C. McGlohon for defendant-appellant.*

LEWIS, Judge.

Defendant Edna Hines, chairperson of the Hertford County Board of Elections, was convicted by a jury of willfully intimidating or attempting to intimidate an election officer in the discharge of his duties and of willfully communicating threats. The offenses were consolidated for judgment and defendant was given a thirty day sentence, which was suspended on the condition that she pay a $250.00 fine and $185.00 in court costs. Defendant made a motion for appropriate relief asking the court to set aside the verdict, dismiss the charges or grant a new trial. The trial court denied this motion. Defendant appeals.

At trial, the State's evidence tended to show that at the time of the alleged incident, the Hertford County Board of Elections consisted of two democratic members, defendant and Sally Moore, and one Republican member, Doug Askew. Mr. Askew testified that around 5 p.m. on 2 November 1993 he and Ms. Moore counted the absentee ballots, as previously arranged. Later that evening Ms. Hines took the absentee ballots into a back room at the Board of Elections to re-count them. Since one member of each party must be present while ballots are counted, Mr. Askew followed her. Once Mr. Askew entered the room, Ms. Hines told him that he needed to be a "team player." When Mr. Askew asked her to explain her comment, defendant began to scream at him and accuse him of undermining her authority as chairperson. According to Mr. Askew's testimony, Ms. Hines told him he "didn't know who [he] was messing with" and threatened to "kill [him]" and "choke the shit out of [him]." While she was yelling at Mr. Askew, Ms. Hines had him backed up against a desk. Mr. Askew testified that Ms. Hines was mad and upset and that he was scared to move.

Sheriff Winfred Hardy, another witness for the State, testified that he was sitting in the outer room of the Board of Elections during the evening of 2 November 1993. From the back room, he heard a woman's voice very loudly say, "I'll kill you." He jumped out of his chair and went into the back room where Ms. Hines was shaking her finger in Mr. Askew's face, saying "I'll kill you" and "I'll choke the shit out of you." Sheriff Hardy approached Ms. Hines and pulled her arm

down to her side because he thought she was going to hit Mr. Askew. The sheriff told Ms. Hines to calm down. Ms. Hines replied by telling the sheriff to get Mr. Askew's "damn ass" out of the room.

Mr. Gary Bartlette, Executive Secretary Director of the State Board of Elections, testified that Chapter 163-234(3) of the North Carolina General Statutes requires a member of each party to be present for the counting and recounting of absentee ballots.

Defendant testified that on the day in question she began to recount the absentee ballots in the front room but moved to the back room to get away from Mr. Askew, who was talking to her and distracting her. He then followed her into the back room, standing behind her and "breath[ing] down [her] neck." She testified that she asked him to sit down, but he refused. Instead, he stood over her, telling her that she did not know what she was doing. After Mr. Askew did something Ms. Hines described as "outrageous," although she could not remember what it was, she told him he should be more respectful and leave her alone. Ms. Hines testified that Sheriff Hardy removed Mr. Askew from the room. Ms. Hines stated that she never intended to harm Mr. Askew or try to intimidate him.

Defendant's witness, Shirley Thompson, an employee of the Hertford County Board of Elections in November 1993, testified that she was in the back room when the confrontation happened on 2 November 1993. She stated that she saw Mr. Askew standing over Ms. Hines' shoulder as defendant counted the votes. Ms. Thompson testified that Ms. Hines rose from her chair and that both Ms. Hines and Mr. Askew were speaking very loudly at one another. Ms. Thompson heard Ms. Hines call the sheriff and tell him to get Mr. Askew out of the room before she killed him. Sometime after the sheriff came in, Mr. Askew left the room, but returned ten or fifteen minutes later to apologize to Ms. Hines. It was Ms. Thompson's testimony that Mr. Askew had a propensity to "flare up."

After defendant presented her evidence, the State recalled Sheriff Hardy who testified that Ms. Hines did not call for him to remove Mr. Askew. He repeated his prior testimony that he entered the back room after hearing Ms. Hines threaten to kill Mr. Askew. Sheriff Hardy further testified that he did not hear Mr. Askew raise his voice.

Mr. Askew also returned to the stand and testified that he was not breathing down Ms. Hines' neck, but was leaning up against a desk behind her. He denied telling Ms. Hines that she did not know what

she was doing and stated that Ms. Moore and Ms. Thompson were in the room yelling at him as well.

Defendant makes eight assignments of error but only argues six in her brief. Therefore, assignments of error numbers one and seven are deemed abandoned. N.C.R. App. P. 28(a) (1996).

**[1]** Defendant first contends that the trial court should have dismissed the claim that she violated N.C. Gen. Stat. section 163-275(11) because there was insufficient evidence that Mr. Askew was an "election officer" as mentioned in the statute and additionally because members of county board of elections are not protected by the statute. We disagree.

G.S. 163-275(11) provides:

Any person who shall, in connection with any primary, general or special election held in this State, do any of the acts or things declared in this section to be unlawful, shall be guilty of a Class I felony. It shall be unlawful:

\* \* \*

(11) For any person, by threats, menaces or in any other manner, to intimidate any chief judge, judge of election or other *election officer* in the discharge of his duties in the registration of voters or in conducting any primary or election.

G.S. § 163-275(11) (1995) (emphasis added). The term "election officer" is not defined in the statute.

In support of her argument that a board of elections member is not an election officer under the statute, defendant points to N.C. Gen. Stat. section 163-274(3) which makes it a misdemeanor "to interfere in any manner with the performance of any duty imposed by law upon any election officer *or member of any board of elections.*" G.S. § 163-274(3) (1995) (emphasis added). Defendant argues that since the legislature made a distinction between an election officer and a board of elections member in this statute, it intended the two to be distinct. Furthermore, defendant argues, if the legislature intended to include a member of the board of elections in G.S. 163-275(11), it would have done so, as it did in G.S. 163-274(3).

In construing a statute, undefined words should be given their plain meaning if it is reasonable to do so. *Woodson v. Rowland,* 329

N.C. 330, 338, 407 S.E.2d 222, 227 (1991). An "officer" is "one who is appointed or elected to serve in a position of trust . . . ." Webster's Third New International Dictionary (1968). Trust is defined as "a charge or duty imposed in faith or confidence . . . ." *Id.* Therefore, an "election officer" is anyone charged with an election duty. Additionally, statutes should be construed to ensure that the purpose of the legislature is accomplished. *Woodson,* 329 N.C. at 338, 407 S.E.2d at 227. G.S. 163-275(11) is part of Article 22, entitled "Corrupt Practices and Other Offenses against the Elective Franchise," which the North Carolina Supreme Court has determined was "designed to prohibit various kinds of practices thought to be inimical to fair elections." *State v. Petersilie,* 334 N.C. 169, 179-80, 432 S.E.2d 832, 838 (1993).

County boards of elections, and their members, have clearly been delegated election duties by our legislature. *See* N.C. Gen. Stat. § 163-33 (1995); N.C. Gen. Stat. § 163-234 (1995). As a result, according to the plain meaning of the term, we hold that members of county boards of elections are "election officers" for the purpose of applying G.S. 163-275(11). To conclude otherwise would also frustrate the obvious intent of the legislature in passing G.S. 163-275(11): to promote fair elections and to ensure that threats and intimidation do not interfere with the duties of any person charged with running an election.

Defendant also argues that Mr. Askew had no duties in conducting the election because any duties in conducting an election are given to the board as an entity and not to the individual board members. As defendant points out, the board is an entity. Therefore, it is incapable of performing any duties independent of its individual members. We hold that as a member of the board, Mr. Askew is· charged with all duties imposed on the board itself. This assignment of error is overruled.

[2] Defendant also assigns error to the trial court's denial of her Motion for a Bill of Particulars. She contends that the indictment was not sufficient to allow adequate preparation of her defense. In her motion, defendant asked for various information including the exact time, date and location of the alleged conduct, the specific language or conduct alleged and the specific duties in the election Mr. Askew was conducting. Subsequently, during discovery, the State provided defendant with the statements of three witnesses and a list of over twenty statements allegedly made by defendant on the evening in

question. Immediately prior to trial, defendant requested a ruling on her motion for a bill of particulars; the court denied the motion.

An appellate court should reverse the denial of a motion for a bill of particulars only if it clearly appears that the "lack of timely access to the requested information significantly impaired defendant's preparation and conduct of his case." *State v. Easterling*, 300 N.C. 594, 601, 268 S.E.2d 800, 805 (1980). Since we find no evidence in the record that a lack of information "significantly impaired" Ms. Hines' preparation of her defense, we find no abuse of discretion by the trial court in denying her motion for a bill of particulars. Through discovery, Ms. Hines was provided with enough of the requested information to adequately prepare her case. This assignment of error is overruled.

[3] Defendant also contends that the trial court erred by denying her Motion for Appropriate Relief. She provides two grounds for this proposition. First, Ms. Hines argues that the trial court erred by not instructing the jury on G.S. 163-274(3), which she contends is a lesser included offense.

A trial court is obligated to instruct on a lesser included offense "when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Hicks*, 241 N.C. 156, 159, 84 S.E.2d 545, 547 (1954). As stated above, G.S. 163-274(3) makes it a misdemeanor to "interfere in any manner with the performance of any duty imposed by law upon any election officer or member of any board of elections." We hold that even if this is a lesser included offense of G.S. 163-275(11), the trial court did not err in failing to include it in the instructions. The State's evidence was such that if the jury found defendant guilty at all, it was because she intimidated Mr. Askew by threats. There was no evidence presented which showed that Ms. Hines interfered with his election duties in any other way. This assignment of error is overruled.

[4] Defendant also argues that her motion for appropriate relief should have been granted because G.S. 163-275(11) is unconstitutional on its face and as applied. We find no merit in these contentions.

Defendant argues that the statute is unconstitutionally vague. A statute is unconstitutionally vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 70 L.Ed. 322,

328 (1926). However, "[w]hen the language of a statute provides adequate warning as to the conduct it condemns and prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met. *In Re Burrus*, 275 N.C. 517, 531, 169 S.E.2d 879, 888 (1969), *aff'd*, *McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L. Ed. 2d 647 (1971). Defendant has the burden of proving that there is inadequate warning or that the statute is incapable of uniform judicial interpretation and administration. *Caswell County v. Hanks*, 120 N.C. App. 489, 493, 462 S.E.2d 841, 844 (1995).

Defendant has failed to meet this burden. G.S. 163-275(11) prohibits anyone from 1) intimidating or attempting to intimidate 2) in any manner 3) someone who is conducting an election. Only the term "intimidate" could possibly be considered vague and we find no legal problem.

Undefined words in a statute should be given their plain meaning if it is reasonable to do so. *Woodson*, 329 N.C. at 338, 407 S.E.2d at 227. "Intimidate" is commonly defined as "to make timid or fearful: inspire or affect with fear: frighten." Websters Third New International Dictionary (1968). Clearly, in G.S. 163-275(11) the legislature intended to prohibit anyone from frightening an individual while conducting election duties. We conclude that this statute is specific enough to warn individuals of common intelligence of the conduct which is proscribed and is certainly capable of uniform judicial interpretation.

Defendant also contends that the statute is overbroad so as to violate the free speech guarantees of the United States and North Carolina Constitutions. She argues that it unnecessarily sweeps into areas of protected speech. Again, we disagree.

"The overbreadth doctrine holds that a law is void on its face if it sweeps within its ambit not solely activity that is subject to governmental control, but also includes within its prohibition the practice of a protected constitutional right." *Treants Enterprises, Inc. v. Onslow County*, 94 N.C. App. 453, 458, 380 S.E.2d 602, 604 (1989) (citing *Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981), *cert. denied*, 456 U.S. 927, 72 L. Ed. 2d 443 (1982)). It is undisputed that each state has "a compelling interest in preserving the integrity of its election process." *Eu v. San Francisco Democratic Com.*, 489 U.S. 214, 231, 103 L. Ed. 2d 271, 287 (1989). The United States Supreme Court has " 'upheld generally-applicable and evenhanded restrictions that pro-

tect the integrity and reliability of the electoral process itself.' " *Petersilie,* 334 N.C. at 185, 432 S.E.2d at 841 (citing *Burson v. Freeman,* 504 U.S. 191, 199, 119 L. Ed. 2d 5, 15 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 788 n.9, 75 L. Ed. 2d 547, 557 n.9 (1983)).

G.S. 163-275(11) is not overbroad, but rather is tailored as narrowly as possible to serve North Carolina's compelling interest in ensuring electoral integrity. The statute is generally-applicable and its regulations are even-handed. We conclude that G.S. 163-275(11) is not unconstitutionally broad.

Ms. Hines also argues that the statute is unconstitutional as applied and that it impermissibly burdens her freedom of conscience. After reviewing these arguments, we find them to be without merit. We rule that G.S. 163-275(11) is constitutional, both on its face and as applied.

Defendant also assigns error to the trial court's failure to dismiss count two of the indictment. She argues that since the felony statute is unconstitutional, the misdemeanor charge was not properly consolidated with a felony as required by N.C. Gen. Stat. section 7A-271(3). Since we have found the statute to be constitutional, we see no reason to address this assignment of error.

We conclude that Ms. Hines received a fair trial, free from prejudicial error.

No error.

Judges GREENE and SMITH concur.