STATE OF NORTH CAROLINA v. MASON ARNOLD

No. COA00-1514

(Filed 18 December 2001)

**1. Animals— participating in dogfight as spectator—not an invalid exercise of police power**

The statute prohibiting participation as a spectator in an exhibition featuring a dog fight, N.C.G.S. § 14-362.2(c), is not an invalid exercise of the police power because it protects dogs without infringing on constitutional freedoms.

**2. Animals— participating in dogfight as spectator—not unconstitutionally vague**

The plain language of the statute prohibiting participation as a spectator in an exhibition featuring a dog fight, N.C.G.S.

STATE v. ARNOLD

[147 N.C. App. 670 (2001)]

§ 14-362.2(c), is not unconstitutionally vague and is adequate to convey a clear understanding of what conduct is unlawful.

**3. Animals— participating in dogfight as spectator—not unconstitutionally overbroad**

The statute prohibiting participation as a spectator in an exhibition featuring a dog fight, N.C.G.S. § 14-362.2(c), is not constitutionally overbroad in that the criminalization of participating as a spectator is necessary to achieve the objective of outlawing and preventing dogfighting and there was no prohibition of a protected right. People have the right to peacefully assemble for lawful purposes, but the people in this case were assembled for an unlawful purpose.

**4. Animals— participating in dogfight as spectator—sufficiency of evidence**

The trial court correctly refused to dismiss a charge of participating as a spectator in an exhibition featuring a dog fight where defendant contended that he did not know that a dogfight was taking place and was on the site for only a brief time before being arrested. However, it is clear from the evidence that defendant was on the second floor of a barn where a dogfight occurred long enough for a deputy sheriff to drive up to the barn, park his vehicle, survey the area outside, and inspect the first floor. The deputy arrested a group of men, including defendant, who were in an enclosed space where the dogfight was taking place.

Judge WYNN dissents.

Appeal by defendant from judgment entered 12 September 2000 by Judge Paul L. Jones in Greene County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Roy Cooper, Attorney General, by Floyd M. Lewis, Assistant Attorney General, for the State.*

*William D. Spence for defendant-appellant.*

THOMAS, Judge.

Defendant, Mason Arnold, appeals from a conviction of participating as a spectator at an exhibition featuring dog fighting. Among his three assignments of error, defendant argues the statute under which he was convicted is unconstitutional.

The State's evidence tended to show the following: On 20 February 2000, Steven Holbrook (Holbrook), a deputy with the Greene County Sheriff's Department, received a report of a dogfight in progress. Holbrook drove to the site of the alleged dogfight, an old, two-story barn on Lilly Pad Road. After he exited his vehicle, Holbrook heard "yelping dogs and human voices talking loudly." He proceeded into the barn to investigate. On the first floor, Holbrook noticed cages built of fencing material and lots of trash, but no one was there. The noise he continued to hear was coming from the second floor.

Holbrook then climbed a ladder to the second floor, saw several men, and heard "the dogs yelping and the men . . . encouraging them to do their fighting." After pulling out his revolver, he called out "Sheriff's Office" and ordered those in attendance to put up their hands and stand against the wall. He arrested all seven of those present, including defendant.

The evidence for defendant, meanwhile, tended to show the following: Defendant and four other men went riding in a vehicle operated by Theodore Moore (Moore). Defendant had no particular plans and did not know where they were going. When they finally arrived at the barn, Moore and the other three occupants went into the barn, but defendant, who still did not know why they had stopped there, stayed outside. He heard dogs barking, and after approximately fifteen minutes, went inside the barn to see what the other men were doing.

When he reached the second floor, defendant heard dogs barking and growling. Even though he was standing in a position where he could have viewed the dogfight, he never actually saw the dogs. Within a short time, Holbrook came and announced his order of arrest. Holbrook admitted he had not noticed which way defendant was looking.

Defendant was found guilty of unlawfully, willfully and feloniously participating as a spectator at an exhibition featuring dog fighting. He had nine prior record points and was sentenced to an active prison term of eight to ten months.

[1] By defendant's first assignment of error, he argues the trial court erred in refusing to dismiss the charges because N.C. Gen. Stat. § 14-362.2(c) is unconstitutional. He claims the statute is an invalid exercise of police power, and that it is unconstitutionally vague and overbroad. We disagree.

**STATE v. ARNOLD**

[147 N.C. App. 670 (2001)]

"It is well-settled that 'the State possesses the police power in its capacity as a sovereign, and in exercise thereof, the Legislature may enact laws, within constitutional limits, to protect or promote the health, morals, order, safety, and general welfare of society.' " *Armstrong v. North Carolina Board of Dental Examiners*, 129 N.C. App. 153, 159, 499 S.E.2d 462, 468 (1998), *cert. denied*, 525 U.S. 1103, 142 L. Ed. 2d 770 (1999) (quoting *State v. Ballance*, 229 N.C. 764, 769, 51 S.E.2d 731, 734 (1949)). "As the North Carolina Supreme Court has said, 'the state has the power to do whatever may be necessary to protect public health, safety, morals, and the general welfare.' " *Id.* at 160, 499 S.E.2d at 468.

The General Assembly enacted N.C. Gen. Stat. § 14-362.2 in 1997. It provides "[a] person who participates as a spectator at an exhibition featuring the fighting or baiting of a dog is guilty of a Class H felony." N.C. Gen. Stat. § 14-362.2(c) (1999). When reviewing the legislature's exercise of police power, "the only duty of the courts is to ascertain whether the act violates any constitutional limitation, the question of public policy being solely one for the legislature." *State v. Stewart*, 40 N.C. App. 693, 695-96, 253 S.E.2d 638, 640 (1979).

It is critical to our system of government and the expectation of our citizens that the courts not assume the role of legislatures. However poised and eager we may be at times to launch our agenda, judges have not been entrusted by the people of this State to be legislators. Certainly there is a duty to examine a statute and determine its constitutionality when the issue is properly presented. However, "[i]n considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity." *State v. Lueders*, 214 N.C. 558, 561, 200 S.E. 22, 24 (1938). *See also In re Belk*, 107 N.C. App. 448, 420 S.E.2d 682, *appeal dismissed and review denied*, 333 N.C. 168, 424 S.E.2d 905 (1992); *Vinson v. Chappell*, 3 N.C. App. 348, 350, 164 S.E.2d 631, 632 (1968), *aff'd*, 275 N.C. 234, 166 S.E.2d 686 (1969). This Court "must assume that acts of the General Assembly are constitutional and within its legislative power until and unless the contrary clearly appears." *State v. Anderson*, 275 N.C. 168, 171, 166 S.E.2d 49, 50 (1969).

The statute at issue protects dogs without infringing on any constitutional freedoms. It is a valid exercise of the State's police power. "In support of the prohibition against animal fighting as a sport, statutes have been enacted making it a crime to be a spectator at such an event." 4 Am. Jur. 2d *Animals* § 33 (1995) (citing *Peck v. Dunn*, 574

P.2d 367 (Utah, 1978), *cert. denied,* 436 U.S. 927, 56 L. Ed. 2d 770 (1978); *People v. Superior Court,* 201 Cal. App. 3d 1061, 247 Cal. Rptr. 647, *cert. denied,* 488 U.S. 1030, 102 L. Ed. 2d 970 (1988); *Brackett v. State,* 236 S.E.2d 689 (Ga., 1977); *Reynolds v. State,* 569 N.E.2d 680 (Ind. App. 1991)). "The validity of statutes prohibiting cruelty to animals has been sustained as a valid exercise of the police power, their aim being not only to protect these animals, but also to conserve public morals, both of which are proper subjects of legislation." 3A C.J.S. *Animals* § 99 (1973). "It has been held to constitute cruelty for the owner of a dog to permit it to [fight] another dog." *Id.* (Citing *Commonwealth v. Thornton,* 113 Mass. 457 (1873)).

If a statute is to be sustained as a legitimate exercise of the police power, however, it must be substantially related to the valid object sought to be obtained." *State v. Stewart,* 40 N.C. App. 693, 696, 253 S.E.2d 638, 640 (1979) (citing *State v. Joyner,* 286 N.C. 366, 211 S.E.2d 320, *appeal dismissed,* 422 U.S. 1002, 45 L. Ed. 2d 666 (1975)). The valid object sought to be obtained by section 14-362.2(d) is to discourage spectators at dogfights. In discouraging spectators, the act of organizing dogfights will be discouraged. If no one attended the dogfights, either for amusement or profit, dogfighting as a group activity would be in jeopardy. We hold that this is a valid exercise of the State's police power and reject defendant's argument.

[2] Defendant also contends section 14-362.2(d) is unconstitutionally vague. Our Supreme Court has held that a statute is not vague if it gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *State v. Elam,* 302 N.C. 157, 161, 273 S.E.2d 661, 664 (1981) (citations omitted). The statute provides, "[a] person who participates as a spectator at an exhibition featuring the fighting or baiting of a dog is guilty of a Class H felony." N.C. Gen. Stat. § 14-362.2(d). Words undefined in the statute should be given their plain and ordinary meaning. *Woodson v. Rowland,* 329 N.C. 330, 407 S.E.2d 222 (1991). The key words in the statute are "participates," "spectator," and "exhibition." "Participate" means "to take part; join or share with others[.]" American Heritage Dictionary 905 (2d. 1985). It would therefore not include a passerby who simply inadvertently viewed the event and immediately went on his way. A "spectator" is "[a]n observer of an event." *Id.* at 1173. Finally, to "exhibit" is defined as "to show externally; display." *Id.* at 475. We therefore hold the plain language of the statute is not vague and is adequate to convey a clear understanding of what conduct is unlawful.

[3] Defendant further contends the statute is overbroad. A statute is overbroad if "it sweeps within its ambit not solely activity that is subject to government control, but also includes within its prohibition the practice of a protected constitutional right." *State v. Hines*, 122 N.C. App. 545, 552, 471 S.E.2d 109, 114 (1996), *rev. improv. all'd*, 345 N.C. 627, 481 S.E.2d 85 (1997) (quoting *Treants Enterprises, Inc. v. Onslow County*, 94 N.C. App. 453, 458, 380 S.E.2d 602, 604 (1989)). Moreover, defendant asserts that the statute criminalizes activity that should not be prohibited, namely stumbling across a dogfight and being arrested as a spectator. However, the criminalization of participating as a spectator, as well as being an organizer, dog owner, or gambler involved in the dog fighting scheme, are all necessary to achieve the objective. That valid objective here is to outlaw and prevent dogfighting in general. We find no prohibition of a protected constitutional right, as discussed above, including the right to freedom of speech and right to peacefully assemble. We note people have the right to peacefully assemble for lawful purposes. *State v. Leary*, 264 N.C. 51, 140 S.E.2d 756 (1965). However, in the case at bar, people, including defendant, were assembled for an *unlawful* purpose. *See also People v. Bergen*, 883 P.2d 532 (Col. 1994) (where a reporter arrested for being a spectator at a dogfight argued videotaping and reporting on dogfighting was protected by the First Amendment and the court held the statute was constitutional in that it did not prevent the reporter from gathering information about dogfighting, but rather prohibited attendance by anyone at any dogfight presented for profit or entertainment). Defendant bases his argument on *State v. Stewart*, 40 N.C. App. 693, 253 S.E.2d 638 (1979), where this Court found unconstitutional a statute prohibiting shining a light at a deer at night. We note that in *Stewart*, the prohibited conduct is legal if separated. In other words, shining a light at night is legal and looking at a deer at night is legal. However, together, the conduct was prohibited before the statute was declared unconstitutional. *Stewart* is thus distinguishable from the instant case, where the underlying conduct, dogfighting, is illegal. We hold section 14-362.2(d) is constitutional and reject defendant's argument.

[4] By his second assignment of error, defendant argues the trial court erred in failing to dismiss the charge against defendant at the close of all the evidence for insufficiency of the evidence to sustain a conviction. We disagree.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2)

that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

The elements of defendant's charge of participating as a spectator at a dogfight are: (1) that the defendant participated as a spectator; and (2) at an exhibition featuring the fighting or baiting of a dog. *See* N.C. Gen. Stat. § 14-362.2(d). When considering the evidence in the light most favorable to the State, there is substantial evidence showing that defendant was present at a dogfight as a spectator.

Defendant testified that he did not know a dogfight was taking place and that he was on the second floor of the barn for only ten seconds. However, he later testified that he was there for ten *minutes*. Clearly from the evidence, defendant was on the second floor, where the dogfight was taking place, long enough for Holbrook to drive up to the barn, after getting within its view, park his vehicle, survey the area outside, and inspect the first floor. Holbrook testified he arrested a group of men, including defendant, who were in an enclosed area where the dogfight was taking place. Holbrook found and played a videotape of the dogfight for the jury. Further, there was photographic evidence of where the dogs were kept and their appearance. The evidence was substantial that defendant participated as a spectator at an exhibition featuring the fighting or baiting of dogs. Accordingly, we reject defendant's argument.

NO ERROR.

Judge WYNN dissents.

Judge WALKER concurs.

WYNN, Judge dissenting.

While I agree with the majority that the statute in question passes constitutional muster, I must dissent on the issue of sufficiency because at best, and in a light most favorable to the State, this evi-

dence only shows that defendant was present for some period of time during an organized dogfight. Mere presence is not enough to obtain a criminal conviction under this statute. To obtain a conviction under the subject statute, the State must present evidence that the defendant actually *participated as a spectator*, which the majority defines as "to take part, join or share with others" as "an observer of an event."

The State's brief on appeal points out that about "three and a half minutes to four minutes elapsed from the time Deputy Holbrook pulled next to the barn and the time he announced 'Sheriff's Office' and arrested defendant on the second floor of the barn." The officer testified that he did not observe whether defendant was actually watching the dogfight. On other hand, defendant testified that he rode with friends to the barn; was unaware of the activities going on in the barn; remained in the car for sometime after his friends went into the barn; heard the dogs barking; left the vehicle to see what was going on; went upstairs in the barn; never saw the dogs fighting and was immediately arrested. The State provided no evidence to controvert defendant's testimony. The State's evidence therefore permitted no more than a suspicion that defendant participated in the dogfight as a spectator; as our courts have long held, mere suspicion that defendant committed the offense is insufficient to support a guilty verdict. *See State v. Malloy*, 309 N.C. 176, 305 S.E.2d 718 (1983).

While the State has a constitutionally sound interest in criminalizing participation by spectators in dogfights, the State's duty to prove such participation beyond a reasonable doubt remains unabated. This evidence falls well short of that proof. I respectfully dissent.