JOHN T. SHIPMAN v. NORTH CAROLINA PRIVATE PROTECTIVE SERVICES BOARD

No. 8510SC967

(Filed 5 August 1986)

**1. Constitutional Law § 12.1— licensing of private investigators—due process**

The Private Protective Services Act, which pertains to the licensing of private investigators, is rationally related to a legitimate governmental purpose of regulating an occupation engaging in many of the same activities as public police officers and thus does not violate the guarantee of due process contained in the Fifth and Fourteenth Amendments to the U.S. Constitution or

the "law of the land" clause of Art. I, § 19 of the N.C. Constitution. N.C.G.S. § 74C-1 *et seq.*

**2. Constitutional Law § 20.1— licensing of private investigators—equal protection**
    Statutes pertaining to the licensing of private investigators do not violate equal protection because N.C.G.S. § 74C-3(b) exempts certain occupations from regulation under the statutes since the exceptions merely exempt those occupations regulated elsewhere, and such classification is reasonably related to the purpose of the statutes.

APPEAL by petitioner from *Battle, Judge.* Judgment entered 3 April 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 5 February 1986.

Petitioner is a private investigator and respondent is the agency charged by statute with promulgating and enforcing rules governing the licensing of private investigators in this State. *See* G.S. 74C-1, *et seq.* On 17 February 1983, respondent suspended the license of petitioner for six months for violations of Board rules. Petitioner challenged the suspension in Superior Court alleging, among other things, that the statute authorizing the Private Protective Services Board to grant, suspend or revoke the licenses of private investigators is a violation of the constitutional guarantees, both under the State and Federal Constitutions, of due process and equal protection. The Superior Court upheld the suspension and petitioner appeals.

*Clifton and Singer by Benjamin F. Clifton, Jr. and W. Robert Denning, III for petitioner-appellant.*

*Attorney General Lacy H. Thornburg by Assistant Attorney General Edmond W. Caldwell, Jr. for respondent-appellee.*

PARKER, Judge.

The only issue raised by petitioner on this appeal is the constitutionality of the Private Protective Services Act, G.S. 74C-1, *et seq.*

[1] First, petitioner argues that the statute violates the guarantee of due process contained in the Fifth and Fourteenth Amendments to the Federal Constitution and the "law of the land" clause of Article I, Section 19 of the North Carolina Constitution. Second, petitioner asserts that the statute infringes upon his right to equal protection of the laws, guaranteed by the Four-

teenth Amendment to the U.S. Constitution and Article I, Section 19 of the State Constitution.

When confronted with a challenge to a validly adopted statute, the courts must assume that the General Assembly acted within its constitutional limits unless the contrary clearly appears. *Roller v. Allen*, 245 N.C. 516, 96 S.E. 2d 851 (1957). For a statute to be within the limits set by the federal due process clause and the North Carolina "law of the land" provision, all that is required is that the statute serve a legitimate purpose of state government and be rationally related to the achievement of that purpose. *E.g., Dalton v. Bob Neill Pontiac, Inc.*, 476 F. Supp. 789 (M.D. N.C. 1979), *aff'd*, 628 F. 2d 1348 (4th Cir. 1980); *Hartford Acc. and Indem. Co. v. Ingram*, 290 N.C. 457, 226 S.E. 2d 498 (1976).

The purpose of the Private Protective Services Act is to regulate those professions which charge members of the public a fee for engaging in many activities which overlap the functions of our public police. We note that petitioner is challenging the entire Act which includes some occupations in the performance of which the individuals carry firearms and wear uniforms. G.S. 74C-3(a)(8) defines private detective as follows:

(8) "Private detective" or "private investigator" means any person who engages in the business of or accepts employment to furnish, agrees to make, or makes an investigation for the purpose of obtaining information with reference to:

a. Crime or wrongs done or threatened against the United States or any state or territory of the United States;

b. The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person;

c. The location, disposition, or recovery of lost or stolen property;

d. The cause or responsibility for fires, libels, losses, accidents, damages, or injuries to persons or to properties,

provided that scientific research laboratories and consultants shall not be included in this definition;

e. Securing evidence to be used before any court, board, officer, or investigation committee; or

f. Protection of individuals from serious bodily harm or death.

However, the employee of a security department of a private business which conducts investigations exclusively on matters internal to the business affairs of the business shall not be required to be licensed as a private detective or investigator under this Chapter.

Regulating an occupation which engages in many of the same activities as our public police officers is clearly a legitimate purpose of state government. *See Lehon v. City of Atlanta*, 242 U.S. 53, 37 S.Ct. 70, 61 L.Ed. 145 (1916). As noted by the New Jersey Supreme Court in *Schulman v. Kelly*, 54 N.J. 364, 255 A. 2d 250 (1969), "the business of private detective has an inherent potential for abuse, and . . . its strict regulation including control of those persons who desire to enter that business, is clearly within the public interest."

Licensing of private detectives is a common mechanism utilized by states to regulate the profession. *See, e.g., Lehon, supra; Wayne v. Bureau of Private Investigators and Adjusters*, 201 Cal. App. 2d 427, 20 Cal. Rptr. 194 (1962). *See also* 86 A.L.R. 3d 691 (1978). Licensing provides a supervisory agency with the authority to enforce the legitimate requirements that a private detective be of age, be of good moral character and have some measure of investigatory experience.

[2] Petitioner also argues that the Private Protective Services Act violates the constitutional guarantee of equal protection of the laws by allowing others to engage in the practice of investigation without meeting the licensing requirements of the statute. Specifically, petitioner points to G.S. 74C-3(b), which exempts from regulation under the Private Protective Services Act insurance adjusters, credit rating services, attorneys, company or railroad police, and holders of liens on personal property when engaging in repossession of that property. A classification by statute, if it is not constitutionally suspect such as a racial classifica-

tion, need only be reasonably related to the purposes of the statute. *State v. Greenwood*, 280 N.C. 651, 187 S.E. 2d 8 (1972). The classification is valid so long as the statute similarly treats all those similarly situated. The exceptions in G.S. 74C-3(b) are a recognition by the General Assembly that all those who could conceivably fit within the definitions of those occupations covered by the Act are not similarly situated. Those exceptions serve merely to exempt those occupations regulated elsewhere in state or federal law, often more extensively than the regulation of private investigators. Thus, the classification is reasonably related to the purposes of the statute, in that it requires the respondent Private Protective Services Board to license only those individuals engaged in a covered occupation not regulated elsewhere.

Petitioner has failed to demonstrate that the Legislature exceeded its authority in enacting the Private Protective Services Act. The judgment below is

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.