CYNTHIA ROYAL MAYNOR, Plaintiff v. ONSLOW COUNTY, Defendant

No. COA96-1237

(Filed 5 August 1997)

**1. Parties § 12 (NCI4th)— agent of owner—not real party in interest**

An agent of the owner is not a real party in interest and cannot maintain an action without the owner. However, since neither party raised the issue, the manager of an adult business will be treated as if she is the real party in interest in this appeal from an order enforcing a county ordinance regulating the location of adult businesses.

**2. Municipal Corporations § 332 (NCI4th); Counties § 86 (NCI4th)— absence of comprehensive zoning ordinance— ordinance regulating location of adult businesses**

The failure of a county to adopt a comprehensive zoning ordinance did not preclude the county from enacting an ordinance regulating the location of adult and sexually oriented businesses pursuant to its police powers under N.C.G.S. § 153A-121. Furthermore, the ordinance was a valid exercise of the county's police powers.

**3. Constitutional Law § 64 (NCI4th); Municipal Corporations § 332 (NCI4th)— location of adult businesses—ordinance not overbroad**

A county ordinance regulating the location of adult and sexually oriented businesses was not unconstitutionally overbroad where the ordinance was not intended to restrict any communication or speech or to deny adults access to any materials.

**4. Constitutional Law § 49 (NCI4th)— vagueness of ordinance—absence of standing to challenge**

The manager of an adult business did not have standing to argue that the definition of "adult business" in a county ordinance regulating the location of adult businesses was unconstitutionally vague where she acknowledged in her pleadings that the ordinance applied to her business and that enforcement of the ordinance would result in the closing of her business, and she failed to show that the ordinance affects protected communication.

**5. Appeal and Error § 419 (NCI4th)— preemption issue—absence of assignment of error**

Where no assignment of error corresponds to the issue of preemption, that issue was not properly before the appellate court. N.C. R. App. P. 10(a).

Appeal by plaintiff from order entered 2 May 1996 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 20 May 1997.

*Lanier and Fountain, by Keith E. Fountain, for plaintiff appellant.*

*Shipman & Associates, L.L.P., by Gary K. Shipman, C. Wes Hodges, II, and Carl W. Thurman, III, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from the superior court order dismissing her action seeking to prevent enforcement of Onslow County's Ordinance to Regulate Adult Businesses (the Ordinance) and enjoining her from operating the adult business, The Doll House. We affirm the trial court.

Plaintiff is the manager of The Doll House in Jacksonville. On or about 21 September 1992, the Onslow County Board of County Commissioners (the County) adopted an ordinance regulating the location of adult and sexually oriented businesses in Onslow County. Any adult or sexually oriented business not in compliance with the Ordinance after 21 September 1994 was to be discontinued pursuant to the Ordinance. The purpose of the Ordinance was set forth in the resolution adopted by the Commissioners:

[A]fter comprehensive study of potential deleterious secondary effects of certain types of sexually oriented adult businesses, the

Board of Commissioners of Onslow County finds that it is appropriate and necessary to prevent those deleterious secondary effects which can reasonably be expected to result from the inappropriate location or concentration of such businesses . . . .

*Onslow County Code.* The resolution also provides that "it is not the intent of the Board of Commissioners of Onslow County . . . to deny reasonable access to the distributors and exhibitors of sexually oriented entertainment to their intended market . . . ." *Id.*

An adult business as defined by the Ordinance is "any business activity, club or other establishment which permits its employees, members, patrons or quest [*sic*] on its premises to exhibit any specified anatomical areas before any other person or persons." *Onslow County Code, Art. IV(c).* The Ordinance prescribes the location of sexually oriented businesses (defined in the Ordinance) and adult businesses. The portion of the Ordinance regulating adult businesses is as follows:

(ii) No adult business shall be permitted in any building:

    (a) located within 1000 feet in any direction from a building used as a dwelling.

    (b) located within 1000 feet in any direction from a building in which an adult business or a sexually oriented business is located.

    (c) located within 1000 feet in any direction from a building used as a church, synagogue, or other house of worship.

    (d) located within 1000 feet in any direction from a building used as a public school or as a state licensed day care center.

    (e) located within 1000 feet in any direction from any lot or parcel on which a public playground, public swimming pool, or public park is located.

*Onslow County Code, Art. V(ii).*

The Ordinance defines specified anatomical areas "as less than completely and opaquely covered human genitals, pubic regions, buttocks and female breasts below a point immediately above the top of the areola." *Onslow County Code, Art. IV(I).*

In an affidavit made part of the record, plaintiff acknowledges that The Doll House is located within one thousand feet of a residence. In her complaint, plaintiff alleges that if the Ordinance is enforced, it will result in the closing of The Doll House.

On 8 August 1994, the County zoning officer sent plaintiff a letter informing her that the Ordinance would take effect on 21 September 1994 and that any nonconforming businesses "shall be discontinued." A copy of the Ordinance was attached to the letter. On 20 September 1994, plaintiff filed the present action. Defendant answered and counterclaimed seeking an injunction enforcing the Ordinance on The Doll House.

Both plaintiff and defendant moved for summary judgment. The trial court received briefs and affidavits and heard arguments from the parties. The court found there were no genuine issues of material fact and found defendant County was entitled to judgment as a matter of law. The court enjoined plaintiff from operating The Doll House and dismissed her civil action. Plaintiff appeals.

[1] As a preliminary matter, we note that it appears from the record that plaintiff may not be the real party in interest in this matter. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 17(a) (1996 Cum. Supp.), every claim "shall be prosecuted in the name of the real party in interest." All of the pleadings indicate that plaintiff "manages and operates" The Doll House. The record is unclear as to whether plaintiff owns or has a proprietary interest in The Doll House. An agent of the owner is not a real party in interest and cannot maintain an action without the owner. *Booker v. Everhart*, 294 N.C. 146, 154, 240 S.E.2d 360, 364 (1978). However, since neither party raises this issue and for the purposes of this appeal, we treat plaintiff as if she is appropriately the real party in interest.

[2] Plaintiff argues that the County was precluded from enacting this Ordinance because it did not have a comprehensive zoning plan. We disagree. Counties may enact ordinances regulating land use in two fashions: one, pursuant to a comprehensive zoning plan, N.C. Gen. Stat. § 153A-341 (1991) and two, pursuant to their police powers, N.C. Gen. Stat. § 153A-121 (1991). In the present case, there is no evidence in the record that Onslow County has a comprehensive zoning plan. In its answer, defendant admits it does not have a formal countywide master zoning plan document in place. Thus we focus solely on the county's police powers. Our legislature delegated to counties the power to make ordinances to "define, regulate, prohibit, or abate

acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county." N.C. Gen. Stat. § 153A-121(a). When a county adopts an ordinance designed to promote the health, safety and welfare of the county's residents, N.C. Gen. Stat. § 153A-121 empowers the county to adopt such ordinance without complying with the procedural safeguards provided in N.C. Gen. Stat. § 153A-341.

In *Summey Outdoor Advertising v. Henderson County*, 96 N.C. App. 533, 386 S.E.2d 439 (1989) *disc. review denied*, 326 N.C. 486, 392 S.E.2d 101 (1990), this Court upheld a Henderson County ordinance regulating the location and placement of outdoor advertising. We held that defendant's failure to adopt a countywide zoning ordinance did not preclude defendant county from regulating outdoor advertising signs under N.C. Gen. Stat. § 153A-121. *Summey*, 96 N.C. App. at 538, 386 S.E.2d at 443.

With the present Ordinance, the Commissioners have regulated the location of adult and sexually oriented businesses. They have not prohibited them. Further, their stated purpose in doing so is for "promoting the health, safety, morals and general welfare of the citizenry of Onslow County." *Onslow County Code, Art. II.* We hold the Onslow County Ordinance to be well within the parameters of N.C. Gen. Stat. § 153A-121.

**[3]** Plaintiff next contends that the Ordinance is unconstitutionally overbroad and vague.

An overly broad statute or ordinance is one "which does not aim specifically at evils within the allowable area of State control but, on the contrary, sweeps within its ambit other activities that in ordinary circumstances constitute an exercise of freedom of speech or of the press." *Thornhill v. Alabama*, 310 U.S. 88, 97, 84 L. Ed. 1093, 1100 (1940). In her brief, plaintiff cites no protected freedom which is threatened by the Ordinance. Furthermore, it is clear from the County Commission's resolution that the Ordinance was not intended to restrict any communication or protected speech or to deny adults access to the distributors of sexually oriented entertainment. The Ordinance is an attempt to regulate the location and the access to these materials. "The mere fact that the commercial exploitation of material protected by the First Amendment is subject to zoning and other licensing requirements is not a sufficient reason for invalidating [an] ordinance[ ]." *Young v. American Mini Theaters, Inc.*, 427 U.S. 50, 62, 49 L. Ed. 2d 310, 321, *reh'g denied*, 429 U.S. 873, 50 L. Ed. 2d

155 (1976). It is within the constitutional powers of a county or municipality to adopt regulations which limit the areas in which adult entertainment establishments may operate. *D.G. Restaurant Corp. v. City of Myrtle Beach*, 953 F.2d 140, 145 (4th Cir. 1991); *Young*, 427 U.S. 50, 49 L. Ed. 2d 310; *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 89 L. Ed. 2d 29, *reh'g denied*, 475 U.S. 1132, 90 L. Ed. 2d 205 (1986). Plaintiff's argument that the Ordinance is overbroad fails.

**[4]** A statute or ordinance is vague if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 70 L. Ed. 322, 328 (1926). A vague statute fails to inform those to whom it is directed of its application to them and therefore violates due process of law. *Id.*

Plaintiff argues the definition of "adult business" is vague. Adult business is defined as:

> any business activity, club or other establishment which permits its employees, members, patrons or quest [*sic*] on its premises to exhibit any specified anatomical areas before any other person or persons.

*Onslow County Code, Art. IV(c)*; see also, *Art. V(A)(I)*. Plaintiff argues that numerous otherwise legal actions are conceivably prohibited from being conducted within 1000 feet of each other. Plaintiff lists doctors' offices, health clubs, school locker rooms, and diaper changing stations as possibly running afoul of the Ordinance. We need not consider these arguments. Plaintiff acknowledged in her pleadings that the Ordinance applies to her. Any element of vagueness has not affected her. To the extent that plaintiff's objection to the Ordinance is predicated on inadequate notice resulting in a denial of due process, her objections are rejected. *Young*, 427 U.S. at 59, 49 L. Ed. 2d at 319.

The plaintiffs in *Young* argued that because the ordinance impacted communication protected by the First Amendment, they had standing to raise the vagueness issue although there was no uncertainty about the applicability of the ordinance to them. *Id.* Unpersuaded that the zoning ordinance in question would have a deterrent effect on the exhibition of films protected by the First Amendment, the Supreme Court rejected this argument. The Court held

MAYNOR v. ONSLOW COUNTY

[127 N.C. App. 102 (1997)]

> if the statute's deterrent effect on legitimate expression is not "both real and substantial," and if the statute is "readily subject to a narrowing construction by the state courts," the litigant is not permitted to assert the rights of third parties.

*Id.* at 60, 49 L. Ed. 2d at 320 (citation omitted).

Plaintiff here fails to show any effect by this Ordinance on protected communication. Plaintiff does not have standing to raise this constitutional argument.

Plaintiff argues that *Treants Enterprises, Inc. v. Onslow County,* 94 N.C. App. 453, 380 S.E.2d 602 (1989), the escort service case, controls the present case. We disagree. In *Treants,* the Onslow County ordinance in question purported to regulate escort services. The ordinance required operators to apply for licenses and established a "registry" of employees in the county sheriff's department. *Id.* at 455, 380 S.E.2d at 603. In addition the ordinance required the businesses to keep records of client or customer transactions and to make these records available to the sheriff's department. *Id.* at 456, 380 S.E.2d at 603. This Court found the ordinance was void for both vagueness and overbreadth. *Id.* at 461, 380 S.E.2d at 606. We held the ordinance impermissibly infringed upon the First Amendment right of citizens to freedom of association by imposing "the tangible presence of the State in the social affairs of its citizens each time a citizen wishes to utilize the services of an escort." *Id.* at 459, 380 S.E.2d at 605. In addition, the ordinance defined escort as " '[a]ny person who, for hire or reward, accompanies others to or about social affairs, entertainment or places of amusement.' " *Id.* at 461, 380 S.E.2d at 606. The Court found that the term "escort" was susceptible to many other connotations and that persons of common intelligence would have to guess at its applicability. *Id.*

As we stated above, Maynor cites no constitutional right of hers which is threatened by the Ordinance at issue. Furthermore, the Ordinance is a regulation of the place and manner of expression only and is not violative of the First Amendment. *See also, Hart Book Stores v. Edmisten,* 612 F.2d 821 (4th Cir. 1979), *cert. denied,* 447 U.S. 929, 65 L. Ed. 2d 1124 (1980). Here plaintiff concedes the Ordinance's applicability to her, and unlike *Treants,* no one is required to guess as to the Ordinance's applicability to her.

[5] Finally, we summarily reject plaintiff's argument that the state has preempted the county with passage of Article 26A of Chapter 14

of the North Carolina General Statutes. Neither of plaintiff's two assignments of error assigns preemption as a legal basis of error. Since no assignment of error corresponds to the issue raised, it is not properly before us. N.C.R. App. P. 10(a) (1997); *Kimmel v. Brett*, 92 N.C. App. 331, 374 S.E.2d 435 (1988).

In conclusion, we hold the Ordinance is a valid exercise of the powers granted to the County by N.C. Gen. Stat. § 153A-121 and that plaintiff's constitutional challenge to the Onslow County Ordinance fails. The trial court did not err in dismissing plaintiff's case or in enforcing the Ordinance upon her.

Affirmed.

Judges MARTIN, Mark D., and TIMMONS-GOODSON concurred in this opinion prior to 31 July 1997.