STATE OF NORTH CAROLINA v. GENE MOORE

No. COA98-360

(2 February 1999)

**1. Appeal and Error— preservation of issues—no objection— plain error not asserted in assignments of error**

Defendant waived even plain error review in an action in which he was found guilty of criminal contempt for failing to abide by a preliminary injunction regarding operation of adult businesses where he did not object at the hearing to the adequacy of the notice of the specific charges against him and did not

STATE v. MOORE

[132 N.C. App. 197 (1999)]

specifically and distinctly contend plain error in his assignments of error.

**2. Appeal and Error— decision by previous Court of Appeals panel—binding**

Defendant's contention that the preliminary injunction which he was accused of violating was void because it did not comply with the provisions of N.C.G.S. § 1A-1, Rule 65(d) was overruled because a similar argument by defendant in *Onslow County v. Moore,* 129 N.C. App. 376, was rejected without discussion by another panel of the Court of Appeals. One panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case.

**3. Obscenity— operation of sexually oriented business—violation of injunction—sufficiency of evidence**

There was substantial evidence to show defendant's operation of a sexually oriented business was in willful violation of a preliminary injunction where defendant stated to an undercover officer that he was the owner of the three businesses at issue and stipulated that the video which he personally sold to the officer had an emphasis on specified sexual activities or specified anatomical areas as those terms are defined by the ordinance.

**4. Obscenity— sexually oriented business—freedom of expression**

An ordinance prohibiting sexually oriented businesses from operating within a thousand feet in any direction from a residence, house of worship, public school, playground, or other adult or sexually oriented business was not vague or overbroad and did not violate defendant's rights to freedom of expression guaranteed by the First Amendment to the United States Constitution. The ordinance has been held to be a valid regulation of the place and manner of expression only and not violative of the First Amendment; moreover, defendant stipulated that the video he sold to the undercover officer met the specific definitions of the ordinance, so that he had no uncertainty about the applicability of the ordinance to him.

**5. Trials— mistrial—nonjury proceeding—excluded evidence**

The trial court did not err in a nonjury proceeding by denying defendant's motion for a mistrial after the State attempted to offer evidence of previous convictions and the court sustained

**STATE v. MOORE**

[132 N.C. App. 197 (1999)]

defendant's objection and advised defendant that the excluded evidence would not be considered. Where the judge sits without a jury, it is presumed that the judge disregards any incompetent evidence.

Appeal by defendant from judgment entered 4 September 1997 by Judge Jay D. Hockenbury in Onslow County Superior Court. Heard in the Court of Appeals 4 January 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Gail E. Weis, for the State.*

*Jeffrey S. Miller and John W. Ceruzzi, for defendant-appellant.*

MARTIN, Judge.

On 21 September 1992, Onslow County adopted an "Ordinance to Regulate Adult Businesses and Sexually Oriented Businesses." Article IV of the ordinance defines "sexually oriented business" as

any business activity, club or other establishment within which the exhibition, showing rental or sale of materials distinguished or characterized by an emphasis on material depicting, describing or exhibiting specified anatomical areas or relating to specified sexual activities is permitted. Sexually oriented businesses shall include, but are not limited to: adult arcades, adult bookstores, adult motion picture theaters, adult theaters, massage parlors, and/or adult video rental/sale stores as defined by this ordinance.

Such businesses are prohibited from operating within 1,000 feet in any direction from a residence, house of worship, public school or playground, or other adult or sexually oriented business.

Defendant is owner and operator of three businesses, "Video Star," "Baby Dolls," and "Private Pleasures," located at 5527 Richlands Highway in Onslow County. On 5 December 1995, Onslow County initiated an action against defendant seeking, by injunctive relief and an order of abatement, to enforce compliance with the ordinance. By order dated 18 January 1996, *nunc pro tunc* 15 December 1995, Judge Louis B. Meyer found that defendant was operating a sexually oriented business in violation of the ordinance and entered a preliminary injunction commanding defendant to bring his business into compliance with, and prohibiting him from violating, the ordinance.

**STATE v. MOORE**

[132 N.C. App. 197 (1999)]

Upon motion of Onslow County alleging defendant's willful violation of the terms of the preliminary injunction, an order was issued 29 July 1997 requiring defendant to appear and show cause why he should not be held in criminal contempt. At the hearing, held 4 September 1997, the State offered evidence tending to show that defendant owns the three businesses, which are located fifty to seventy-five feet from a private residence. A deputy sheriff testified that while working in an undercover capacity, he entered the "Video Star" on 11 July 1997 and purchased a sexually explicit video which defendant stipulated "had an emphasis on specified sexual activities and specified anatomical areas as those terms are defined by Article 7 [sic] of the Onslow County Ordinances entitled 'Sexually Oriented Businesses.'" On 25 July 1997 the same undercover officer visited "Private Pleasures" where he paid fifty dollars to have a nude female employee dance in an erotic manner for thirty minutes. On 26 July 1997 the officer testified that he entered "Baby Dolls" and paid fifty dollars to have a nude female employee perform sexual touching for thirty minutes.

The trial court found defendant guilty of criminal contempt for his failure to abide by the terms of the preliminary injunction. Defendant was publicly censured, fined $500.00, and sentenced to thirty days in jail. Defendant appeals.

[1] By his first two assignments of error, defendant contends the show cause order was insufficient to give notice of the specific charges against him. The show cause order required that he show cause why he should not be held in criminal contempt for his failure to abide by the terms of the preliminary injunction, in that he "has continued to operate sexually oriented businesses on the premises owned by the Defendant at 5527 Richlands Highway, which premises is within 1,000 feet of a residence." Defendant argues that his constitutional due process rights entitle him to reasonable notice of the specific charges against him, and that he "has no way of knowing which of the various types of sexually oriented businesses he is accused of operating because the order to show cause does not specify the acts allegedly committed."

Having failed to object at the hearing as to the adequacy of the charge against him, defendant has not preserved this issue for appeal. N.C.R. App. P. 10(b)(1) provides, in pertinent part:

In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection

STATE v. MOORE

[132 N.C. App. 197 (1999)]

or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Nor has defendant preserved the issue for plain error review by "specifically and distinctly" contending plain error in his assignments of error as required by N.C.R. App. P. 10(c)(4). "[W]here a defendant fails to assert plain error in his assignments of error . . . he has waived even plain error review." *State v. Gary*, 348 N.C. 510, 518, 501 S.E.2d 57, 63 (1998).

**[2]** Next, defendant argues the preliminary injunction which he was accused of violating is void because it does not comply with the provisions of G.S. § 1A-1, Rule 65(d). He contends the order failed to "set forth the reasons for its issuance," was not "specific in terms," and did not "describe in reasonable detail . . . the act or acts enjoined or restrained." N.C. Gen. Stat. § 1A-1, Rule 65(d) (1990).

A similar argument, advanced by defendant in his appeal in *Onslow County v. Moore*, 129 N.C. App. 376, 499 S.E.2d 780 (1998), has been rejected without discussion by another panel of this Court. "We have carefully reviewed Moore's remaining assignments of error and find them to be without merit." *Id.* at 389, 499 S.E.2d at 789. "Subsequent actions are precluded when a court of competent jurisdiction has already reached a final judgment on the merits of a controversy." *State v. Lewis*, 63 N.C. App. 98, 102, 303 S.E.2d 627, 630 (1983), *affirmed*, 311 N.C. 727, 319 S.E.2d 145 (1984). One panel of this Court "may not overrule the decision of another panel on the same question in the same case." *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). This assignment of error is overruled.

**[3]** Next, defendant complains the evidence was insufficient to show that he wilfully operated a sexually oriented business in knowing violation of the preliminary injunction. The sufficiency of the evidence, however, has not been preserved for review because defendant failed to move for dismissal at trial. N.C.R. App. P. 10(b)(3) (1998); *State v. Richardson*, 341 N.C. 658, 462 S.E.2d 492 (1995); *State v. Futrell*, 112 N.C. App. 651, 436 S.E.2d 884 (1993). Nonetheless, defendant argues that G.S. § 15A-1446(d)(5) provides appellate review of the sufficiency of the evidence even when there is no objection or motion at trial. However, our Supreme Court has specifically held: " 'To the

extent that N.C.G.S. § 15A-1446(d)(5) is inconsistent with N.C.R. App. P. 10(b)(3), the statute must fail.' " *Richardson* at 677, 462 S.E.2d at 504 (quoting *State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987)). Nor has defendant preserved this issue for plain error review. N.C.R. App. P. 10(c)(4); *State v. Gary, supra.*

Even assuming the sufficiency of the evidence was properly before us, our review of the evidence, considered in the light most favorable to the State, *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985), reveals substantial evidence to show defendant's operation of a sexually oriented business in willful violation of the preliminary injunction. Indeed, defendant's statement to the undercover officer that he was the owner of the three businesses and his stipulation that the video which he personally sold to the officer "had an emphasis on specified sexual activities or specified anatomical areas as those terms are defined" by the ordinance, provide substantial evidence that defendant wilfully operated a sexually oriented business in violation of the preliminary injunction.

[4] By his next assignment of error, defendant challenges the constitutionality of the ordinance, contending it is vague and overbroad and violates his rights to freedom of expression guaranteed by the First Amendment to the United States Constitution. The constitutionality of the Onslow County "Ordinance to Regulate Adult Businesses and Sexually Oriented Businesses" has been previously considered by this Court in *Maynor v. Onslow County*, 127 N.C. App. 102, 488 S.E.2d 289, *appeal dismissed*, 347 N.C. 268, 493 S.E.2d 458, *cert. denied*, 347 N.C. 400, 496 S.E.2d 385 (1997). We stated:

> [I]t is clear from the County Commission's resolution that the Ordinance was not intended to restrict any communication or protected speech or to deny adults access to the distributors of sexually oriented entertainment. The Ordinance is an attempt to regulate the location and the access to these materials. "The mere fact that the commercial exploitation of material protected by the First Amendment is subject to zoning and other licensing requirements is not a sufficient reason for invalidating [an] ordinance[ ]." *Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 62, 96 S.Ct. 2440, 2448, 49 L.Ed.2d 310, 321, *reh'g denied*, 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976). It is within the constitutional powers of a county or municipality to adopt regulations which limit the areas in which adult entertainment establishments may operate. *D.G. Restaurant Corp. v. City of Myrtle Beach*, 953 F.2d

140, 145 (4th Cir. 1991); *Young*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310; *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29, *reh'g denied*, 475 U.S. 1132, 106 S.Ct. 1663, 90 L.Ed.2d 205 (1986).

*Id.* at 106-07, 488 S.E.2d at 292. We held the ordinance to be a valid "regulation of the place and manner of expression only and . . . not violative of the First Amendment." *Id.* at 108, 488 S.E.2d at 293. *See Onslow County v. Moore*, 129 N.C. App. 376, 499 S.E.2d 780 (1998) (holding ordinance does not violate First Amendment). Moreover, having stipulated that the video he sold to the undercover officer met the specific definitions of the ordinance, defendant had no uncertainty about the applicability of the ordinance to him and, therefore, his objections based on vagueness are also overruled. *Id.*

**[5]** Finally, defendant assigns error to the denial of his motion for mistrial, made after the State attempted to offer evidence of defendant's previous convictions for operating a sexually oriented business. Although the trial court sustained defendant's objection to the evidence and excluded it, defendant contends the State's proffer of the evidence so tainted the proceeding as to irreparably prejudice him. We disagree. The trial court advised defendant that the excluded evidence would not be considered and, where the court sits without a jury, it is presumed that the judge disregarded any incompetent evidence. *In re Paul*, 84 N.C. App. 491, 353 S.E.2d 254, *cert. denied*, 319 N.C. 673, 356 S.E.2d 779 (1987), *cert. denied*, 484 U.S. 1004, 98 L.Ed.2d 646 (1988). Defendant has not rebutted the presumption and has shown no prejudice. A mistrial should be granted only for " 'such serious improprieties as would make it impossible to attain a fair and impartial verdict,' " *State v. Sanders*, 347 N.C. 587, 601, 496 S.E.2d 568, 577 (1998) (quoting *State v. Stocks*, 319 N.C. 437, 441, 355 S.E.2d 492, 494 (1987)), and a trial court's ruling on a motion for a mistrial is not reviewable on appeal unless there is a clear showing of gross or manifest abuse of discretion. *State v. Sorrells*, 33 N.C. App. 374, 235 S.E.2d 70, *disc. review denied*, 293 N.C. 257, 237 S.E.2d 539 (1977). No abuse of discretion has been shown by defendant and this assignment of error is overruled.

Defendant's remaining assignment of error has been abandoned. N.C.R. App. P. 28(a); *State v. Rhyne*, 124 N.C. App. 84, 478 S.E.2d 789 (1996).

AMERICAN MFRS. MUT. INS. CO. v. HAGLER

[132 N.C. App. 204 (1999)]

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.