## COCHRANE v. CITY OF CHARLOTTE

[148 N.C. App. 621 (2002)]

LLOYD M. COCHRANE v. CITY OF CHARLOTTE

No. COA00-1368

(Filed 19 February 2002)

**Police Officers— special separation allowance—disability retirement—service retirement**

The trial court erred in a declaratory judgment action by finding that plaintiff former police officer was eligible for a special separation allowance under N.C.G.S. §§ 143-166.41 and 143-166.42, because: (1) the officer retired on a disability retirement, and an initial requirement of eligibility is retirement on a basic service retirement; (2) N.C.G.S. § 128-26 does not allow creditable service for disability retirement; and (3) the time the officer spent on disability retirement does not qualify as either prior service or membership service under N.C.G.S. § 128-21(8).

Judge GREENE concurring in a separate opinion.

Appeal by respondent from judgment entered 22 August 2000 by Judge L. Oliver Noble, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 October 2001.

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for petitioner-appellee.*

*Assistant City Attorney Hope A. Root for respondent-appellant.*

*Special Deputy Attorney General Alexander McC. Peters, Amicus Curiae for The Board of Trustees of the North Carolina Local Government Employees' Retirement System, the Teachers' and State Employees' Retirement System of North Carolina, and of the Retirement Systems Division, Department of State Treasurer.*

THOMAS, Judge.

Respondent, the City of Charlotte (City), appeals a declaratory judgment finding a former police officer to be eligible for a special separation allowance.

The separation allowance is a monthly supplemental payment lasting up to seven years that is payable to officers who, among other requirements, retire before reaching age sixty-two.

Petitioner, Lloyd M. Cochrane, Jr. (Cochrane), retired from the City of Charlotte police force on a disability retirement in 1983 under the Law Enforcement Officers' Retirement System (LEORS), governed by Chapter 143 of the North Carolina General Statutes. On 1 January 1986, all assets of LEORS were transferred to the Local Government Employees' Retirement System (LGERS), with members and beneficiaries of LEORS becoming members and beneficiaries of LGERS. *See* N.C. Gen. Stat. § 143-166.50(b) (1999). Cochrane's benefits are therefore now payable by LGERS, governed by Chapter 128 of the North Carolina General Statutes.

In March, 2000, having never received the separation allowance, Cochrane filed a petition for declaratory judgment asking the court to determine the rights and responsibilities of the parties under N.C. Gen. Stat. § 143-166.41. That section is titled "Special separation allowance."

The City answered that an initial eligibility requirement for the allowance, before any other factors need be considered, is that the officer retire on a service retirement. Cochrane, the City argues, retired on a disability retirement and therefore is not among those eligible.

After a hearing during the 27 July 2000 term of Mecklenburg County Superior Court, the trial court denied the City's motion for summary judgment and found Cochrane eligible for the special separation allowance under N.C. Gen. Stat. §§ 143-166.41 and 143-166.42. Section 143-166.42 extends the special separation allowance statute to law enforcement officers employed by the local government.

The trial court based its decision on a finding of ambiguities in Chapter 128. The trial court determined that: "Since the statute is ambiguous regarding whether or not a police officer who is on disability retirement is a member of the retirement system while on disability, the Court resolves the ambiguity in favor of the Petitioner and finds that the term 'creditable service' includes the time spent on disability retirement as credit allowed under the retirement system and therefore, the Petitioner meets the requirements of N.C.G.S. § 143-166.41."

The City appeals, arguing that under the plain language of both special separation allowance statutes, an initial requirement of eligibility is retirement on a service retirement. Cochrane, the City argues, fails to meet this fundamental requirement because he retired on a

## COCHRANE v. CITY OF CHARLOTTE

[148 N.C. App. 621 (2002)]

disability retirement. The City also contests the trial court's conclusions that: (1) the term "creditable service" is ambiguous under section 143-166.41; and (2) Chapter 128 is ambiguous regarding whether an officer who is retired on a disability retirement is a "member" or a "beneficiary" of LGERS, and regarding whether that distinction makes a difference in this case.

For the reasons herein, we agree with the City that eligibility for the special separation allowance requires the officer to have retired on a basic service retirement.

On appeal, a trial court's findings of fact in a bench trial have the force of a jury verdict and are conclusive if supported by competent evidence. *State v. Coronel*, 145 N.C. App. 237, 250, 550 S.E.2d 561, 570 (2001). Conclusions of law drawn by the court from the facts found, however, involve legal questions and are always reviewable *de novo* by the appellate court. *Mann Contr'rs, Inc. v. Flair with Goldsmith Consultants-II, Inc.*, 135 N.C. App. 772, 775, 522 S.E.2d 118, 121 (1999).

## I.

Our initial inquiry is whether Cochrane was precluded from consideration for the special separation allowance because he retired on a disability retirement.

Section 143-166.41 provides:

(a) [E]very sworn law-enforcement officer . . . employed by a State department, agency, or institution who qualifies under this section shall receive, beginning on the last day of the month in which he retires on a basic service retirement under the provisions of G.S. 135-5(a) or G.S. 143-166(y), an annual separation allowance equal to eighty-five hundredths percent (0.85%) of the annual equivalent of the base rate of compensation most recently applicable to him for each year of creditable service. The allowance shall be paid in 12 equal installments on the last day of each month. To qualify for the allowance the officer shall:

(1) Have (i) completed 30 or more years of creditable service or, (ii) have attained 55 years of age and completed five or more years of creditable service; and

(2) Not have attained 62 years of age; and

(3) Have completed at least five years of continuous service as a law enforcement officer . . . immediately preceding a service retirement. Any break in the continuous service required by this subsection because of disability retirement . . . shall not adversely affect an officer's qualification to receive the allowance, provided the officer returns to service within 45 days after the disability benefits cease and is otherwise qualified to receive the allowance.

N.C. Gen. Stat. § 143-166.41 (1999).

Effective 1 January 1987, N.C. Gen. Stat. § 143-166.42 extended the coverage of the special separation allowance statute to law enforcement officers employed by local government:

On and after January 1, 1987, the provisions of G.S. 143-166.41 shall apply to all eligible law-enforcement officers . . . who are employed by local government employers, except as may be provided by this section. As to the applicability of the provisions of G.S. 143-166.41 to locally employed officers, the governing body for each unit of local government shall be responsible for making determinations of eligibility for their local officers *retired under the provisions of G.S. 128-27(a)* . . . .

N.C. Gen. Stat. § 143-166.42 (1999) (emphasis added). We note there is no assignment of error or contention by any party that section 143-166.42 is inapplicable to Cochrane because he retired prior to 1 January 1987, and therefore we do not address it.

Section 128-27(a), referenced in the foregoing statute, is entitled "Service Retirement Benefits," and does not include disability retirement. Disability retirement has different requirements and is found in N.C. Gen. Stat. § 128-27(c), entitled "Disability Retirement Benefits." Cochrane retired under 128-27(c), not 128-27(a).

Additionally, section 143-166.41 provides that the separation allowance begins on "the last day of the month in which [the officer] retires on a *basic service retirement* under the provisions of G.S. 135-5(a) or G.S. 143-166(y)." N.C. Gen. Stat. § 143-166.41(a) (1999) (emphasis added). Section 135-5(a) sets forth the service retirement benefits for the *State* retirement system. Section 143-166 has been repealed. Act of June 27th, 1985, ch. 479, sec. 196(t), para.(t), 1985 N.C. Sess. Laws 412, 509. As with section 128-27(a), section 135-5(a) does not include disability retirement. The plain language of both special separation allowance statutes provides that the allowance is

for former local and state law enforcement officers who retired on a basic service retirement and not, as Cochrane contends, a disability retirement.

Moreover, in order to be eligible for the separation allowance, an officer must have completed five years of continuous service as a law enforcement officer "immediately preceding a service retirement." N.C. Gen. Stat. § 143-166.41(a)(3) (1999). The subsection goes on to state that disability retirement will not adversely affect the continuous service requirement, "provided the officer returns to service within 45 days after the disability benefits cease and is otherwise qualified to receive the allowance." *Id.* If disability retirement did not affect the continuous service requirement, such language would not be needed. Here, Cochrane did not return to work.

## II.

Although we agree with the City that Cochrane does not qualify for the allowance because he did not retire on a service retirement, we proceed to address the trial court's conclusions: (1) that the term "creditable service" is ambiguous under section 143-166.41 and includes time spent on disability retirement; and (2) that statutory ambiguities exist regarding a disability retiree's status as a member or beneficiary and whether the distinction affects eligibility for the separation allowance.

The definition of "creditable service" is first found in section 143-166.41 itself, which provides:

As used in this section, "creditable service" means the service for which credit is allowed under the retirement system of which the officer is a member. . . .

N.C. Gen. Stat. § 143-166.41(b) (1999). Cochrane receives his disability retirement benefits from LGERS. LGERS defines "creditable service" at N.C. Gen. Stat. § 128-21(8), which provides:

"Creditable service" shall mean "prior service" plus "membership service" for which credit is allowable as provided in G.S. 128-26.

N.C. Gen. Stat. § 128-21(8) (1999). Section 128-26 does not allow creditable service for disability retirement. Instead, the statute credits service for actual time of employment, and also details the circumstances under which an employee may purchase creditable service. *See, e.g.,* N.C. Gen. Stat. § 128-26(a) (1999) (time taken off for military service); N.C. Gen. Stat. § 128-26(e) (unused sick leave); N.C. Gen.

Stat. § 128-26(h) (employment with the General Assembly); N.C. Gen. Stat. § 128-26(l) (approved leaves of absence); N.C. Gen. Stat. § 128-26(o) (federal employment); N.C. Gen. Stat. § 128-26(p) (part-time service); N.C. Gen. Stat. § 128-26(s) (actual time of employment).

Moreover, the time Cochrane spent on disability retirement qualifies as neither "prior service" nor "membership service" under section 128-21(8). Prior service is "service of a member rendered before . . . he becomes a member of the System." N.C. Gen. Stat. § 128-21(17) (1999). Membership service is "service as an employee rendered while a member of the Retirement System." N.C. Gen. Stat. § 128-21(14) (1999). Cochrane's time on disability retirement is not service rendered before he became, or while he was, a member of LGERS.

Section 128-21(13) defines "member" as "any person included in the membership of the Retirement System as provided in G.S. 128-24." N.C. Gen. Stat. § 128-21(13). Section 128-24, entitled "Membership," provides that, "The membership of this Retirement System shall be composed as follows: (1) All employees entering or reentering the service of a participating employer after the date of participation in the Retirement System of the employer." N.C. Gen. Stat. 128-24(1) (1999). Membership is also contingent on continuing in that employment or, if employment has been terminated other than by retirement, on leaving one's accumulated contributions in LGERS. *See* N.C. Gen. Stat. § 128-24(1a) (1999). A member ceases to be a member only if he "withdraw[s] his accumulated contributions or should he become a beneficiary or die." *Id.* A beneficiary of LGERS is statutorily defined as "any person in receipt of a pension, an annuity, a retirement allowance or other benefit as provided by this Article." N.C. Gen. Stat. § 128-21(6) (1999). Cochrane is in receipt of a disability retirement allowance. He is, therefore, a beneficiary. Consequently, his time spent on disability is not counted toward creditable service.

Cochrane also contends that officers on a disability retirement should be given "creditable service" because the term was used to calculate disability benefits. N.C. Gen. Stat. § 143-166, which is now repealed, was used to calculate Cochrane's disability retirement income. The statute provided in pertinent part:

[[T]he officer] shall receive a disability retirement equal to one and fifty-five one hundredths percent (1.55%) of his average final compensation . . . multiplied by the number of *years of creditable*

*service which he would have had if he had continued in service* until his 55th birthday.

N.C. Gen. Stat. § 143-166(y) (emphasis added).

The statutory language Cochrane refers to is used solely for the calculation of the amount of the disability benefit payment. When calculating the amount, an officer is given the benefit of assuming he would have had creditable service until age 55. There is no statutory support for the contention that the above language is to be used in determining the number of years of creditable service. The statutory definition of "creditable service" does not refer to the calculation of disability benefits. Time spent on disability retirement does not qualify as "creditable service" and cannot be credited toward the thirty years of creditable service that is required under section 143-166.41(a)(1).

### III.

Cochrane further contends that, even if there is a distinction between service retirement and disability retirement, N.C. Gen. Stat. § 128-27(e)(6) eventually dissolves the distinction by converting his disability retirement to a service retirement upon the earliest date on which he would have qualified for an unreduced service retirement allowance. We disagree.

Section 128-27(e)(6) specifies that a disability beneficiary is entitled to a service retirement allowance on the "date on which he would have qualified for an unreduced service retirement allowance." N.C. Gen. Stat. § 128-27(e)(6) (1999). It does not grant creditable service for the years spent on disability, however. Had the General Assembly intended to give creditable service to local law enforcement officers for time spent on disability retirement, it could have used the language utilized for those in the State retirement system:

> [T]he long-term disability benefit is payable so long as the beneficiary is disabled until the earliest date at which the beneficiary is eligible for an unreduced service retirement allowance from the Retirement System, at which time the beneficiary would receive a retirement allowance calculated on the basis of the beneficiary's average final compensation at the time of disability as adjusted to reflect compensation increases subsequent to the time of disability *and the creditable service accumulated by the beneficiary, including creditable service while in receipt of benefits under the Plan.*

N.C. Gen. Stat. § 135-106(b) (emphasis added). Likewise, the General Assembly could have expressly stated in the provisions under "Creditable Service" its intention to grant creditable service for time spent on disability retirement. The General Assembly did not, but such language was included in the provisions of the State retirement system. *See* N.C. Gen. Stat. § 135-4(y) (1999).

IV.

Cochrane does raise a public policy issue. He argues that public policy mandates inclusion of disabled officers among those eligible for the special separation allowance. Whether or not we agree that they *should* be included as part of a preferred public policy, however, is irrelevant. Our authority is limited. "It is critical to our system of government and the expectation of our citizens that the courts not assume the role of legislatures." *State v. Arnold*, 147 N.C. App. 670, 673, 557 S.E.2d 119, 121 (2001). Normally, questions regarding public policy are for legislative determination. *See Martin v. Housing Corp.*, 277 N.C. 29, 41, 175 S.E.2d 665, 671 (1970).

Cochrane does not argue that the General Assembly exceeded its constitutional limits. Under statutes properly enacted by our General Assembly, Cochrane is not eligible for the special separation allowance. Accordingly, the order of the trial court is reversed.

REVERSED.

Judge HUNTER concurs.

Judge GREENE concurs in a separate opinion.

GREENE, Judge, concurring in the result.

I agree with the majority's conclusion that Cochrane did not retire under a service retirement pursuant to N.C. Gen. Stat. §§ 128-27(a) and 135-5(a) and is thus ineligible for the special separation allowance authorized by N.C. Gen. Stat. §§ 143-166.41 and 143-166.42 but write separately to address two aspects of the majority's analysis.

Section 143-166.41(a) provides that "every sworn law-enforcement officer . . . shall receive, beginning on the last day of the month in which he *retires on a basic service retirement* under the provisions of G.S. 135-5(a) or G.S. 143-166(y), an annual separation

allowance [(special separation allowance)]," provided the law-enforcement officer shall:

> (1) [h]ave (i) completed 30 or more years of creditable service or, (ii) have attained 55 years of age and completed five or more years of *creditable service*; and
>
> . . . .
>
> (3) [h]ave completed at least five years of continuous service as a law enforcement officer . . . immediately preceding a service retirement.

N.C.G.S. § 143-166.41(a) (1999) (emphasis added).

Cochrane argues that even if there is a distinction between a disability and a service retirement, N.C. Gen. Stat. § 128-27(e)(6) operates to transform a law-enforcement officer's disability retirement into a service retirement. I agree. According to the statute, "a beneficiary in receipt of a disability retirement allowance until the earliest date on which he would have qualified for an unreduced service retirement allowance shall thereafter . . . (iii) be considered a beneficiary in receipt of a service retirement allowance." N.C.G.S. § 128-27(e)(6) (1999). "[A] beneficiary in receipt of a disability retirement allowance," *id.*, is, as the majority implicitly concedes, a beneficiary of a disability retirement plan. Likewise, "a beneficiary in receipt of a service retirement allowance," *id.*, must necessarily be a beneficiary of a service retirement plan. Thus, a disability retirement is transformed into a service retirement when the requisite qualifications are met, as occurred in this case in respect to Cochrane's disability retirement.

Cochrane further contends a person on disability retirement can accrue creditable service. "[C]reditable service" is defined as "the service for which credit is allowed under the retirement system of which the officer is a member." N.C.G.S. § 143-166.41(b) (1999). N.C. Gen. Stat. § 143-166(y), which was used to calculate Cochrane's disability retirement income, gives credit for "the number of years of creditable service which he would have had if he had continued in service until his 55th birthday." N.C.G.S. § 143-166(y) (1981) (repealed 1985). Thus, "creditable service," in the context of section 143-166.41, includes actual service as well as service a law-enforcement officer could have performed but for his disability and can be accrued during a person's disability retirement. Assuming Cochrane was a member of the disability retirement system at the time his dis-

ability benefits were calculated,[1] the time spent on disability retirement, until Cochrane's 55th birthday, counts as creditable service under section 143-166.41.

Thus, I believe, Cochrane met his burden of showing that he is in receipt of a service retirement and accrued creditable service during his years on disability retirement. He nevertheless fails to overcome the requirement that a law-enforcement officer seeking the special separation allowance must *"retire[]* on a basic service retirement." N.C.G.S. § 143-166.41(a) (1999) (emphasis added). To retire means to "withdraw from one's occupation." *American Heritage College Dictionary* 1165 (3d ed. 1993). For Cochrane, this occurred when he assumed a disability retirement, not when his disability retirement was transformed into a service retirement. Consequently, for this reason, I agree with the majority that Cochrane is not eligible for the special separation allowance.

———————————

1. The majority holds that once Cochrane's disability retirement commenced, his status changed from a member of the retirement system to a beneficiary.