ELMORE, Judge.
 

 *527
 
 Defendants appeal from the trial court's order of partial summary judgment awarding plaintiff a special separation allowance for 36 years of creditable service through two North Carolina retirement systems: TSERS and LGERS. On appeal, defendants argue that because plaintiff was not a member of TSERS when he retired, he was not entitled to receive a special separation allowance for his service under TSERS. We agree and reverse the trial court's order.
 

 *528
 

 I. Background
 

 Ronald Keith Lovin (plaintiff) served as a Hickory police officer for 14 months and a North Carolina state trooper for 22 years and 10 months. During this time, plaintiff was a member of the Teachers' and State Employees' Retirement System (TSERS). In 2009, however, he began drawing his retirement benefits from TSERS.
 

 In 2002, plaintiff was elected sheriff of Cherokee County where he served for approximately 12 years. As sheriff, plaintiff was a member of the Local Government Employment Retirement System (LGERS). His term ended on 1 December 2014, and he retired in January 2015. Upon plaintiff's retirement, the Cherokee County human resources director, Melody Johnson, determined that he was eligible for a special separation allowance under N.C. Gen.Stat. § 143-166.42. The County paid plaintiff based on his 12 years of LGERS service, but excluded his nearly 24 years of TSERS service because he
 
 *871
 
 was not a member of TSERS when he retired.
 
 [1]
 

 Plaintiff sued the County and various County officials (defendants), alleging that defendants miscalculated the correct amount of his special separation allowance. Plaintiff argued that his special separation allowance should be based on 36 years of creditable service, representing the 12 years of LGERS service and the 24 years of TSERS service. The parties moved for partial summary judgment on plaintiff's claim for declaratory relief. The trial court granted plaintiff's motion, concluding that plaintiff's special separation allowance should be based on his 36 years of total service and not merely his 12 years of service as a member of LGERS.
 

 Defendants appealed, arguing that the trial court erred in granting plaintiff's motion for partial summary judgment and denying defendants' motion for the same. The court certified the order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Because the judgment was final as to plaintiff's claim for declaratory relief, we have jurisdiction to review the merits. N.C. Gen.Stat. § 1A-1, Rule 54(b) (2015) ;
 
 Tridyn Indus., Inc. v. Am. Mut. Ins. Co.,
 

 296 N.C. 486
 
 , 491,
 
 251 S.E.2d 443
 
 , 447 (1979).
 

 II. Discussion
 

 The sole issue is whether plaintiff's special separation allowance should be based on 36 years of service, which includes 24 years of state
 
 *529
 
 service through TSERS and 12 years of local government service through LGERS, or just 12 years of service through LGERS.
 

 We review the trial court's grant of summary judgment
 
 de novo.
 

 In re Will of Jones,
 

 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008). Summary judgment "is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 

 Id.
 

 (quoting
 
 Forbis v. Neal,
 

 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 385 (2007) ).
 

 This case begins and ends with the statutory language. "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning."
 
 Lemons v. Old Hickory Council, Boy Scouts of Am., Inc.,
 

 322 N.C. 271
 
 , 276,
 
 367 S.E.2d 655
 
 , 658 (1988) (citations omitted). "[A] statute clear on its face must be enforced as written."
 
 Bowers v. City of High Point,
 

 339 N.C. 413
 
 , 419-20,
 
 451 S.E.2d 284
 
 , 289 (1994) (citation omitted). If a statute "contains a definition of a word used therein, that definition controls."
 
 In re
 

 Appeal of Clayton-Marcus Co., Inc.,
 

 286 N.C. 215
 
 , 219,
 
 210 S.E.2d 199
 
 , 202 (1974) (citation omitted).
 

 Chapter 143, Article 12D grants a special separation allowance for qualifying law enforcement officers upon their retirement. N.C. Gen.Stat. § 143-166.40 -42 (2015). An eligible officer is entitled to receive, beginning in the month he retires, "an annual separation allowance equal to eighty-five hundredths percent (0.85%) of the annual equivalent of the base rate of compensation most recently applicable to him
 
 for each year of creditable service.
 
 " N.C. Gen.Stat. § 143-166.42(a) (2015) (emphasis added). "Creditable service" is defined as "the service for which credit is allowed
 
 under the retirement system of which the officer is a member.
 
 " N.C. Gen.Stat. § 143-166.42(b) (2015) (emphasis added). The two retirement systems in issue are TSERS and LGERS.
 

 A. Teachers' and State Employees' Retirement System (TSERS)
 

 Defendants argue that because plaintiff was not a "member" of TSERS when he retired, he was not entitled to receive a special separation allowance for his service through TSERS as a police officer and a state trooper.
 

 A TSERS "member" is "any teacher or State employee included in the membership of the System." N.C. Gen.Stat. § 135-1(13) (2015). "System," as that term is used in Chapter 135, refers specifically to TSERS. N.C. Gen.Stat. § 135-1(22) (2015). If a member withdraws his accumulated contributions or becomes a beneficiary, he is no longer a
 
 *530
 
 member of TSERS.
 
 *872
 
 N.C. Gen.Stat. § 135-3(3) (2015). "Beneficiary" is defined as " any person in receipt of a pension, an annuity, a retirement allowance or other benefit as provided by this Chapter." N.C. Gen.Stat. § 135-1(6) (2015).
 

 In 2009, prior to his retirement from the sheriff's department, plaintiff began receiving retirement benefits from TSERS. At that point, he became a "beneficiary" and ceased to be a "member" of TSERS. Plaintiff essentially concedes that he was not a member of TSERS when he retired, but argues that "creditable service," as defined in section 143-166.42(b), should be interpreted as "service for which credit is allowed under the retirement system of which the officer is a member
 
 when the credit is accumulated.
 
 " But that is not how the statute is written.
 

 Based on its definition, membership in TSERS is not perpetual. Instead, it may terminate upon the happening of some event, e.g., withdrawing contributions or receiving retirement benefits. Subsections 143-166.42(a) and (b) couch creditable service in terms of
 
 current membership
 
 in the system at the time of retirement. The legislature could have easily defined creditable service under Chapter 143 in the manner urged by plaintiff, but it did not. In computing plaintiff's creditable service, therefore, his 24 years of service under TSERS should have been excluded.
 

 B. Local Government Employees' Retirement System (LGERS)
 

 Defendants do not dispute that plaintiff is a member of LGERS. Accordingly, for the purpose of calculating the special separation allowance, we must determine plaintiff's creditable service under LGERS.
 

 In LGERS, "creditable service" means the sum of three things: (1) "prior service"; (2) "membership service"; and (3) "service, both noncontributory and purchased, for which credit is allowable as provided in G.S. 128-26." N.C. Gen.Stat. § 128-21(8) (2015). "Prior service" means "the service of a member rendered before the date he becomes a member of the [LGERS], certified on his prior service certificate and allowable as provided by G.S. 128-26." N.C. Gen.Stat. § 128-21(17), (21) (2015). "Membership service" means "service as an employee rendered while a member of the [LGERS] or membership service in a North Carolina Retirement System that has been transferred into [LGERS]." N.C. Gen.Stat. § 128-21(14), (21) (2015). Section 128-26 gives participating employers the option to "allow prior service credit to any of its employees" for "earlier service to the aforesaid employer; or their earlier service to any other employer as ... defined in G.S. 128-21(11) ; or, their earlier service to any state, territory, or other governmental subdivision of the United
 
 *531
 
 States other than this State." N.C. Gen.Stat. § 128-26(a) (2015). The statute also allows members to transfer to LGERS their credits for membership and prior service in TSERS, N.C. Gen.Stat. § 128-34(b) (2015), and provides for situations in which an employee may purchase creditable service,
 
 see e.g.,
 
 N.C. Gen.Stat. § 128-26(h1) (2015).
 

 Plaintiff has 12 years of membership service in LGERS, calculated from the time he became sheriff in December 2002 until his retirement in January 2015. According to the undisputed statements in Ms. Johnson's affidavit, however, the County never issued plaintiff a prior service certificate pursuant to section 128-26(e), plaintiff never transferred membership of his TSERS service to LGERS pursuant to section 128-34, and the County never gave plaintiff credit for prior service pursuant to section 128-26(a). Plaintiff does not dispute these facts or otherwise claim any prior service or service allowable under section 128-26. Therefore, plaintiff's creditable service under LGERS is limited to his 12 years of membership service as sheriff.
 

 III. Conclusion
 

 The trial court erred in granting partial summary judgment in favor of plaintiff. His special separation allowance should have been based on 12.0833 years of creditable service because plaintiff was not a member of TSERS when he retired. The trial court's order is reversed.
 

 REVERSED.
 

 Judges DAVIS and DIETZ concur.
 

 [1]
 

 Plaintiff had 23.6667 years of service with TSERS and 12.0833 years of service with LGERS. We have rounded these numbers to 24 and 12, respectively, for ease of reading.