An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1121

Filed 17 September 2025

Lincoln County, No. 24CVS000289-540

GREGORY FREDELL, Plaintiff,

v.

LINCOLN COUNTY, Defendant.

Appeal by plaintiff from order entered 28 May 2024 by Judge Robert G. Horne in Lincoln County Superior Court. Heard in the Court of Appeals 21 May 2025.

*Plaintiff-appellant Gregory Fredell, pro se.*

*Womble Bond Dickinson (US) LLP, by Alexander J. Buckley and Sean F. Perrin, for defendant-appellee.*

ZACHARY, Judge.

This case concerns whether Plaintiff Gregory Fredell is eligible for a special separation allowance as a former local law enforcement officer on disability retirement. *See* N.C. Gen. Stat. § 143-166.42 (2023). Plaintiff appeals from the trial court's order granting Defendant Lincoln County's motion to dismiss. After careful review, we affirm.

## I. Background

The facts of this case are not in dispute. Plaintiff is a retired Lincoln County Sheriff's Office Deputy. He served honorably from 1989 until his application for disability retirement benefits was approved, effective 1 December 2010. Plaintiff never returned to full-time employment with Defendant; he returned a month later on a part-time basis working in the civil division of the Sheriff's Office until December 2023.

On 7 January 2019, Plaintiff received a letter from the Retirement Systems Division informing him that he was "now considered a retiree in receipt of a monthly service retirement allowance." The letter further provided "that had [Plaintiff] been able to continue employment [he] would have reached the age and/or service requirements to qualify for an unreduced service retirement allowance." The letter also stated, *inter alia*, that Plaintiff was "no longer subject to re-examinations on account of disability."

On 27 February 2024, Plaintiff filed a complaint against Defendant, alleging that Defendant had breached its statutory obligation to pay him the special separation allowance to which he was entitled pursuant to N.C. Gen. Stat. § 143-166.42. Plaintiff also requested the trial court to issue a declaratory judgment and a writ of mandamus.

On 24 March 2024, Defendant filed a motion to dismiss, asserting that Plaintiff was not entitled to a special separation allowance pursuant to this Court's opinion in *Cochrane v. City of Charlotte*, 148 N.C. App. 621, 559 S.E.2d 260 (2002), because

"Plaintiff did not retire on a basic service retirement, but rather on a disability retirement."

Defendant's motion to dismiss came on for hearing on 15 May 2024 in Lincoln County Superior Court. By order entered on 28 May 2024, the trial court granted Defendant's motion to dismiss. Plaintiff timely filed notice of appeal.

## II. Discussion

Plaintiff argues that the trial court erred in determining that *Cochrane* controls the outcome of this case and granting Defendant's motion to dismiss because "the facts of th[is] case [a]re substantially different" from the facts of *Cochrane*. We disagree.

### A. Standard of Review

"When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Horne v. Cumberland Cty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 144, 746 S.E.2d 13, 16 (2013) (citation omitted). A Rule 12(b)(6) motion to dismiss should be granted when "(1) the complaint on its face reveals that no law supports a plaintiff's claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats a plaintiff's claim." *Id.* (citation omitted).

This Court conducts de novo review of a trial court's grant of a motion to

dismiss pursuant to Rule 12(b)(6). *Id.*

**B. Analysis**

The special separation allowance at issue in this case is created by statute; "our legislature has mandated that local government pay its law enforcement officers who retire before reaching age sixty-two, and who meet certain other criteria, an amount each month as set forth in the statute." *Bowers v. City of High Point*, 339 N.C. 413, 418, 451 S.E.2d 284, 288 (1994). "Chapter 143, Article 12D grants a special separation allowance for qualifying law enforcement officers upon their retirement." *Lovin v. Cherokee County*, 248 N.C. App. 527, 529, 789 S.E.2d 869, 871 (2016) (citation omitted).

"When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Id.*; N.C. Gen. Stat. §§ 143-166.40–42. "[A] statute clear on its face must be enforced as written." *Bowers*, 339 N.C. at 419–20, 451 S.E.2d at 289.

Section 143-166.42 provides, in pertinent part:

> [E]very sworn law enforcement officer . . . employed by a local government employer who qualifies under this section shall receive, beginning in the month in which the officer retires on a basic service retirement under the provisions of [N.C. Gen. Stat. §] 128-27(a), an annual separation allowance equal to eighty-five hundredths percent (0.85%) of the annual equivalent of the base rate of compensation most recently applicable to the officer for each year of creditable service.

N.C. Gen. Stat. § 143-166.42(a). Although the statute includes other qualifications,

for purposes of this appeal, the dispositive requirement is that "the officer retires on a basic service retirement under the provisions of [N.C. Gen. Stat. §] 128-27(a)." *Id.*

"Section 128-27(a), referenced in the foregoing statute, is [titled] 'Service Retirement Benefits,' and does not include disability retirement. Disability retirement has different requirements and is found in N.C. Gen. Stat. § 128-27(c), [titled] 'Disability Retirement Benefits.' " *Cochrane*, 148 N.C. App. at 624, 559 S.E.2d at 262. Because disability retirement is not included in § 128-27(a), the *Cochrane* Court held "that eligibility for the special separation allowance requires the officer to have retired on a basic service retirement." *Id.* at 623, 559 S.E.2d at 261. "[T]he allowance is for former local and state law enforcement officers who retired on a basic service retirement and not . . . a disability retirement." *Id.* at 624–25, 559 S.E.2d at 262.

The record on appeal reflects that Plaintiff—like the retired officer in *Cochrane*—"retired under [§] 128-27(c), not [§] 128-27(a)." *Id.* at 624, 559 S.E.2d at 262. Although Plaintiff raises several arguments in attempting to distinguish his case from *Cochrane*, he does not address this dispositive issue. For instance, Plaintiff raises arguments concerning legislative amendments to N.C. Gen. Stat. § 143-166.42(a) that have taken effect in the years since *Cochrane*; these amendments, however, neither eliminated nor altered the requirement that an officer must retire on a basic service retirement in order to qualify for the special separation allowance. The plain text of § 143-166.42(a) and *Cochrane*'s binding precedent control, as the

trial court correctly discerned. This statutory qualification "must be enforced as written." *Bowers*, 339 N.C. at 419–20, 451 S.E.2d at 289.

Finally, we note that the question of whether local law enforcement officers who retire on disability retirement "*should* be included [in § 143-166.42(a)] as part of a preferred public policy . . . is irrelevant. Our authority is limited." *Cochrane*, 148 N.C. App. at 628, 559 S.E.2d at 264. "It is critical to our system of government and the expectation of our citizens that the courts not assume the role of legislatures. Normally, questions regarding public policy are for legislative determination." *Id.* (citation omitted). "Under statutes properly enacted by our General Assembly, [Plaintiff] is not eligible for the special separation allowance." *Id.* The trial court therefore did not err by granting Defendant's motion to dismiss.

### III. Conclusion

For the foregoing reasons, the trial court's order is affirmed.

AFFIRMED.

Judges GORE and FREEMAN concur.

Report per Rule 30(e).